Peter **GRAZIANO**, Petitioner,

v.

William **LAPE**, Superintendent of Marcy Correctional Facility, Respondent.

No. 9:04–CV–0084 (LEK/GJD).

United States District Court, N.D. New York.

Feb. 9, 2005.

---

**65**

Peter Graziano, Marcy, NY, pro se.

Bridget Erin Holohan, New York State Attorney General, Albany, NY, for Respondent.

### *MEMORANDUM–DECISION AND ORDER* [1]

KAHN, District Judge.

Peter Graziano ("Petitioner") appeals Magistrate Judge Gustave J. DiBianco's Order dated July 27, 2004, (Dkt. No. 12), which denied Petitioner's motion to amend his habeas petition.

1. For printed publication in the Federal Re-

## BACKGROUND

On May 9, 1986, a jury found Petitioner guilty of murder in the second degree, and he was sentenced to a minimum of fifteen years and a maximum of life in prison. (Dkt. No. 10). On February 27, 2001, Petitioner appeared before the Parole Board for his first parole interview. (*Id.*). In March 2001, Petitioner received the Board's decision denying him release to parole supervision. (*Id.*). Petitioner filed an administrative appeal with the Board's Appeals Unit. (*Id.*). The Appeals Unit informed Petitioner that it was unable to render any findings and denied his appeal. (*Id.*). On or about December 14, 2001, Petitioner filed a petition for a state writ of habeas corpus with the Supreme Court of the State of New York. (*Id.*). The Supreme Court dismissed the petition for failure to exhaust administrative remedies. (*Id.*). Petitioner filed a motion to reargue, and the Supreme Court denied his petition on the merits. (*Id.*). Petitioner appealed to the Appellate Division, Fourth Department, which affirmed the Supreme Court's decision on June 13, 2003. (Dkt. No. 12). Petitioner sought, but was denied, leave to appeal to the New York State Court of Appeals. (Dkt. No. 10).

In July 2003, Petitioner reappeared before the Parole Board and was again denied parole. (Dkt. No. 12). Petitioner filed an administrative appeal from this denial in August 2003, claiming that the panel did not make a decision within the allotted four months. (*Id.*). On January 23, 2004, Petitioner brought this federal habeas proceeding challenging the Parole Board's first decision from March 2001 denying him early release to parole supervision. (Dkt. No. 14). Petitioner then filed a CPLR Article 78 proceeding in the

porter.

Albany County Supreme Court, based upon his second denial of parole, but his claim was denied on the merits in May 2004. (Dkt. No. 12). Petitioner filed a notice of appeal of that decision pursuant to CPLR § 2221, and that appeal is still pending. (*Id.*). Prior to a decision being rendered on that state court appeal, Petitioner moved to amend this federal habeas petition to include the second parole denial. (Dkt. No. 14). In an Order dated July 27, 2004, Magistrate Judge DiBianco denied Petitioner's request as premature. (Dkt. No. 11). Currently before the Court is Petitioner's appeal of that order.

## DISCUSSION

### I. Standard for Reconsideration of a Magistrate Judge's Ruling on a Non–Dispositive Matter

The standard of review for reconsideration of a Magistrate's ruling depends on whether the matter is dispositive or non-dispositive. The issue currently before the Court is non-dispositive because the decision would "not dispose of the litigation." *McAllan v. Von Essen*, 2004 WL 2998510 (S.D.N.Y. Dec.27, 2004). A district judge may reconsider any non-dispositive matter determined by a magistrate judge under a "clearly erroneous or contrary to law" standard of review. *See* 28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P. 72(a). A party seeking to overturn a ruling under the clearly erroneous standard generally bears a "heavy burden." *See Com–Tech Assocs. v. Computer Assocs., Int'l, Inc.*, 753 F.Supp. 1078, 1099 (E.D.N.Y.1990), *aff'd*, 938 F.2d 1574 (2d Cir.1991). The Supreme Court has stated that "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68

S.Ct. 525, 92 L.Ed. 746 (1948) (quoted in *Derthick v. Bassett–Walker Inc.*, 1992 WL 249951, at *8 (S.D.N.Y. Sept.23, 1992)). Pursuant to this highly deferential standard of review, magistrate judges are afforded broad discretion and reversal is only appropriate if there is an abuse of discretion. *See Derthick*, 1992 WL 249951, at *8.

### II. Petitioner's Motion

Petitioner requests a stay in this proceeding so he may amend his habeas corpus petition to include his second parole denial in July 2003. (Dkt. No. 11). However, "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254 (2004); *See also, Priester v. Senkowski*, 2002 WL 1448303, at *3 (S.D.N.Y. July 3, 2002); *See, e.g., Daye v. Attorney General of New York*, 696 F.2d 186, 190 (2d Cir.1982). "In order for a claim to be exhausted, a petitioner is required to have presented the same claim presented in the habeas petition to each level of the state courts to which the right of appeal lies." *Senkowski*, 2002 WL 1448303, at *3.

Petitioner administratively appealed the July 2003 parole denial and is currently litigating this parole denial in the New York State courts. (Dkt. No. 14). Prior to a decision being rendered in state court, Petitioner moved to amend his petition to include the July 2003 parole denial. (*Id.*). However, before presenting his claim to this Court in a habeas petition, Petitioner must "utilize all available mechanisms to secure state appellate review of denial of that claim." *Lugo v. Kuhlmann*, 68 F.Supp.2d 347, 360–61 (S.D.N.Y.1999). Because a decision on his state court ap-

peal has not yet been issued, Petitioner has not fully utilized each level of the state courts to which the right of appeal lies, and therefore has not exhausted his state court remedies.

The exhaustion requirement may be excused if Petitioner can demonstrate that "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(i), (ii). Petitioner does not claim that there is no state corrective process, and further, he is currently utilizing that state process.

However, Petitioner claims that his circumstances render the state process ineffective. First, Petitioner seeks to bypass the state court appeals process because he anticipates an adverse ruling. (Dkt. No. 11). Mere anticipation of an adverse ruling is not enough to establish the insufficiency of the state court process. Petitioner's "argument is rejected because it is inconsistent with the doctrine of comity which assumes State courts will perform their assigned review function and because it is inconsistent with the explicit exhaustion requirement contained in 28 U.S.C. § 2254(b)(1)(A)." *Senkowski*, 2002 WL 1448303, at *7.

Second, Petitioner states that his appeal of the July 2003 parole denial will be rendered moot once the February 2005 parole hearing arrives. Petitioner alleges that by the time his challenge to the 2003 parole denial would make its way through the New York court system, so that he could present it to this Court, the 2001 parole denial would have been litigated in this Court and he would have again reappeared before the Board in 2005. (Dkt. No. 15).

However, the appeal of the decision in Petitioner's Article 78 proceeding has not yet been rendered moot by the occurrence of another parole hearing. Even though the February 2005 parole hearing may later render the appeal moot, that does not make the state process ineffective. *See, Defino v. Thomas,* 2003 WL 40502, at *3 (S.D.N.Y. Jan.2, 2003). Because Petitioner has not exhausted all available remedies in state court, and no exceptions to that requirement apply, the Magistrate Judge's determination that Petitioner's motion was premature was not erroneous or contrary to law.

## CONCLUSION

Based on the foregoing discussion, it is hereby

ORDERED, that Magistrate Judge Gustave J. DiBianco's Order, dated July 27, 2004, which denied Petitioner's motion to amend his habeas petition, is **AFFIRMED**; and it is further

ORDERED, that the Clerk serve a copy of this order on all parties.