■ In the Matter of JOHN A. EK, Respondent, v BRION D. TRAVIS, as Chair of the Board of Parole, Appellant. [798 NYS2d 199]—

Crew III, J.P. Appeal from a judgment of the Supreme Court (Sheridan, J.), entered February 2, 2005 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of the Board of Parole denying petitioner's request for parole release.

Petitioner currently is serving a prison term of 20 years to life following his 1976 conviction of murder in the second degree. Petitioner appeared before the Board of Parole in August 2003 for the fifth time, and his request for parole release again was denied. Following an unsuccessful administrative appeal, petitioner commenced this proceeding pursuant to CPLR article 78 seeking to annul the Board's determination. Supreme Court granted the petition, finding that the Board's reasons for its denial were flawed and unsupported by the record as a whole. This appeal by respondent ensued.

We reverse. Preliminarily, we agree with respondent that Supreme Court erred in essentially searching the record and annulling the Board's determination based upon arguments that were not raised by petitioner. Even assuming such claims were properly before us, we find the asserted inaccuracies in the Board's determination, upon which Supreme Court so heavily relied, to be unavailing. While the Board's determination could have been stated more artfully and arguably misstates the length of petitioner's criminal career, we find this to be an insufficient basis upon which to annul. Additionally, contrary to Supreme Court's findings, the record reveals that petitioner did commit offenses in three different states and, regardless of how one interprets the Board's statement on this point, incurred "multiple" parole violations.* Beyond that, we find the Board's determination to be sufficiently detailed to permit intelligent appellate review and in overall compliance with the mandates of Executive Law § 259-i. Accordingly, Supreme Court's judgment is reversed. Petitioner's remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.

Spain, Mugglin, Rose and Kane, JJ., concur. Ordered that the judgment is reversed, without costs, and petition dismissed. [*See* 7 Misc 3d 1031(A), 2005 NY Slip Op 50840(U) (2005).]

---

* Petitioner violated parole once as a juvenile and once as an adult, with the latter representing violations of multiple conditions of petitioner's parole.