■ In the Matter of CHARLES FRIEDGOOD, Appellant, v NEW YORK STATE BOARD OF PAROLE, Respondent. [802 NYS2d 268]—

Rose, J. Appeal from a judgment of the Supreme Court (McCarthy, J.), entered March 14, 2005 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner's request for parole release.

Petitioner is an 87-year-old former orthopedic surgeon who was convicted in 1977 of the crimes of murder in the second degree and grand larceny in the second degree after he killed his wife by injecting her with a lethal dose of Demerol, stole property from her estate and attempted to leave the country to join his paramour and their two out-of-wedlock children in Denmark. He was sentenced to concurrent prison terms of 25 years to life on the murder conviction and seven years on the larceny conviction. At his second appearance before respondent in September 2003, his request for release on parole was again denied and, after the denial was affirmed on administrative appeal, petitioner commenced this CPLR article 78 proceeding. Supreme Court dismissed the petition, prompting this appeal.

Parole release determinations are discretionary and will not be disturbed as long as they meet the statutory requirements of Executive Law § 259-i (*see Matter of Davis v New York State Bd. of Parole*, 17 AD3d 970, 970 [2005]; *Matter of Zayd WW. v Travis*, 17 AD3d 755, 755 [2005], *lv denied* 5 NY3d 706 [2005]). While all relevant statutory factors must be considered, respondent is not required to give them equal weight or to articulate each and every factor that was considered in making its decision (*see Matter of Parmes v Travis*, 17 AD3d 885, 886 [2005]; *Matter of De La Cruz v Travis*, 10 AD3d 789, 790 [2004]).

Here, the record indicates that respondent was aware of

petitioner's rehabilitation, his positive contributions to his prison community, his debilitating medical conditions, which include terminal cancer, a colostomy and incontinence, his expressions of remorse and his good disciplinary record. Nevertheless, respondent acknowledged none of these factors and based its decision instead on the seriousness of his crime, stating that his "offense represents a propensity for extreme violence." Unlike in *Matter of Ek v Travis* (20 AD3d 667 [2005]), our review of the record here finds no support for this cryptic conclusion. Given the unique features of petitioner's crime, his severe physical limitations and need for continuous medical care, we find the notion that he is prone to engage in violent conduct to be without any support in the record and so irrational under the circumstances as to border on impropriety (*see Matter of Silmon v Travis*, 95 NY2d 470, 476 [2000]; *Matter of Russo v New York State Bd. of Parole*, 50 NY2d 69, 77 [1980]).

Cardona, P.J., Mercure, Crew III and Carpinello, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, determination annulled, and matter remitted to respondent for a de novo hearing on the matter of petitioner's release to parole supervision within 60 days of the date of this Court's order and a decision to be issued within 30 days of the date of such hearing.