In the Matter of ANTHONY BOTTOM, Appellant, v NEW YORK STATE BOARD OF PAROLE, Respondent. [815 NYS2d 789]—

Cardona, P.J. Appeal from a judgment of the Supreme Court (McNamara, J.), entered July 5, 2005 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner's request for parole release.

Petitioner is serving two concurrent prison terms of 25 years to life as a result of his conviction of two counts of murder. Petitioner's convictions arose from his participation in the 1971 shooting deaths of two police officers. After exhausting his administrative appeals following the denial of his second request for parole release in July 2004, petitioner commenced this CPLR article 78 proceeding challenging respondent's determination. Supreme Court dismissed the petition, prompting this appeal.

Parole release determinations are in the discretion of respondent (*see Matter of Anthony v New York State Div. of Parole*, 252 AD2d 704 [1998], *lv denied* 92 NY2d 812 [1998], *cert denied* 525 US 1183 [1999]; *see also* Executive Law § 259-i [5]). Accordingly, such determinations will generally not be disturbed by this Court unless the requirements of Executive Law § 259-i have not been met (*see Matter of Friedgood v New York State Bd. of Parole*, 22 AD3d 950, 950 [2005]) or respondent's conclusions otherwise display a level " 'of irrationality bordering on impropriety' " (*Matter of Silmon v Travis*, 95 NY2d 470, 476 [2000], quoting *Matter of Russo v New York State Bd. of Parole*,

50 NY2d 69, 77 [1980]; *accord Matter of Farid v Travis,* 17 AD3d 754, 754 [2005], *appeal dismissed* 5 NY3d 782 [2005]).

In the instant case, although respondent placed significant emphasis on the gravity of petitioner's offense, his prior record and the probable repercussions of his actions upon the victims' families (*see Matter of King v New York State Div. of Parole,* 83 NY2d 788, 790 [1994]; *Matter of Crews v New York State Exec. Dept. Bd. of Parole Appeals Unit,* 281 AD2d 672, 672 [2001]), it is clear that other applicable statutory factors were brought to respondent's attention and duly considered. In the hearing before respondent, there was discussion of petitioner's significant educational and vocational achievements while incarcerated (*see* Executive Law § 259-i [2] [c] [A] [i]), as well as his plans for the future (*see* Executive Law § 259-i [2] [c] [A] [iii]). Also considered was an extensive submission by petitioner's counsel. Furthermore, we are not convinced that respondent was unduly influenced by information concerning another inmate which appears to have been erroneously included in petitioner's file. It is readily apparent that such documentation did not concern petitioner and the record contains no proof or any other basis for us to conclude that respondent mistakenly relied on same in rendering its decision. In sum, inasmuch as the record reveals that respondent considered the appropriate statutory factors, we decline to disturb its determination and hold that Supreme Court properly dismissed the petition.

Notwithstanding the above disposition, we take this opportunity, under the unique circumstances of this case, to comment on one aspect of respondent's determination. Although the adult son of one of the slain police officers appeared at a victim impact meeting concerning petitioner and spoke at length in favor of his release (*see* CPL 440.50 [1]), respondent's subsequent decision makes no mention of that statement and neither a transcript of the victim impact statement nor a report thereon (*see* Executive Law § 259-i [2] [c] [A] [v]) appears in the administrative record.* In fact, respondent affirmatively cited the negative impact of petitioner's actions upon the victims' families as one justification for denying him parole. While we appreciate that respondent may weigh the relevant factors set forth in Executive Law § 259-i (2) (c) (A) as it sees fit (*see generally Matter of Silmon v Travis, supra* at 476-477) and need not discuss each factor in its decision (*see e.g. Matter of Zayd WW. v Travis,* 17 AD3d 755, 755-756 [2005], *lv denied* 5 NY3d 706

---

* In the absence of affirmative proof to the contrary, we presume that respondent fully complied with applicable statutory directives (*see generally People v Dominique,* 90 NY2d 880, 881 [1997]).

[2005]; *Matter of Waters v New York State Div. of Parole,* 252 AD2d 759, 760 [1998], *lv denied* 92 NY2d 812 [1998]), where, as here, it is provided with a compelling victim impact statement which *advocates* for the release of the prospective parolee, explicit reference to such an exceptional submission would facilitate "intelligent appellate review" of respondent's required compliance with the dictates of Executive Law § 259-i (*Matter of Ek v Travis,* 20 AD3d 667, 668 [2005], *lv dismissed* 5 NY3d 862 [2005]).

Crew III, Peters, Spain and Mugglin, JJ., concur. Ordered that the judgment is affirmed, without costs.

