■ In the Matter of CHARLES FRIEDGOOD, Appellant, v NEW YORK STATE BOARD OF PAROLE, Respondent. [845 NYS2d 506]— Cardona, P.J. Appeal from a judgment of the Supreme Court (Collins, J.), entered November 29, 2006 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondent's motion to dismiss the petition.

Petitioner was convicted in 1977 of the crimes of murder in the second degree and grand larceny in the second degree for the murder of his wife and theft of property from her estate and sentenced to, among other things, a prison term of 25 years to life on the murder conviction. In April 2006, petitioner made his fourth appearance before respondent and his request for parole release was denied. Thereafter, petitioner commenced this CPLR article 78 proceeding challenging that determination. Supreme Court dismissed the proceeding given petitioner's failure to exhaust his administrative remedies and this appeal ensued.

The Attorney General has advised this Court that on October 10, 2007, petitioner reappeared before respondent and his request for parole release was again denied.* In light of petitioner's subsequent reappearance before respondent, and finding no exception to the mootness doctrine (*see Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714-715 [1980]), the instant matter must be dismissed as moot (*see Matter of Lewis v Goord*, 29 AD3d 1116 [2006]).

Mugglin, Rose, Lahtinen and Kane, JJ., concur. Ordered that the appeal is dismissed, as moot, without costs.

---

* The stated basis for this most recent denial of petitioner's request for parole release indicates that "if released at this time there is a reasonable probability" that petitioner would again violate the law. Although this Court has previously held that "[g]iven the unique features of petitioner's crime, his severe medical limitations and need for continuous medical care, . . . the notion that he is prone to engage in violent conduct [is] so irrational under the circumstances as to border on impropriety" (*Matter of Friedgood v New York State Bd. of Parole*, 22 AD3d 950, 951 [2005]), the propriety of the latest denial is not presently before us.