██ In the Matter of ANDREW RESTIVO, Appellant, v NEW YORK STATE BOARD OF PAROLE, Respondent. [895 NYS2d 555]—

Appeal from a judgment of the Supreme Court (McGrath, J.), entered August 6, 2009 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner's request for parole release.

Petitioner is currently serving an aggregate prison sentence of 25 years to life for his 1982 conviction of murder in the second degree, two counts of burglary in the first degree and grand larceny in the second degree. After his 1982 conviction, petitioner was extradited to Nevada where he was convicted in federal court of bank robbery in 1983. While appealing his federal conviction, petitioner participated in an escape attempt from a federal penitentiary in California, during which a correction officer was killed. Petitioner was thereafter convicted in federal court of aiding and abetting manslaughter and was sentenced to 10 years in prison, to run consecutive to his New York sentence.

In May 2008, petitioner made his second appearance before

respondent seeking parole release. Respondent denied his request and ordered him held for an additional 24 months. Upon receiving no timely response to his administrative appeal, petitioner commenced this CPLR article 78 proceeding seeking to annul respondent's decision. Supreme Court dismissed petitioner's application, prompting this appeal.

We affirm. The record demonstrates that respondent considered all of the proper statutory factors in denying petitioner's request for parole release, including the seriousness of petitioner's crimes, his criminal history, program achievements while incarcerated, positive disciplinary record and his postrelease plans (*see* Executive Law § 259-i [2] [c]; *Matter of Valerio v New York State Div. of Parole*, 59 AD3d 802, 803 [2009]). Although petitioner contends that there was erroneous information in his inmate status report concerning his bank robbery conviction, there is nothing in the record to indicate that this alleged erroneous information served as a basis for the denial of his parole release (*see Matter of Richburg v New York State Bd. of Parole*, 284 AD2d 685, 686 [2001], *appeal dismissed and lv denied* 97 NY2d 636 [2001]; *Matter of Morel v Travis*, 278 AD2d 580, 581 [2000], *appeal dismissed and lv denied* 96 NY2d 752 [2001]; *compare Matter of Lewis v Travis*, 9 AD3d 800 [2004]). Given that respondent's decision does not reflect " 'irrationality bordering on impropriety' " (*Matter of Silmon v Travis*, 95 NY2d 470, 476 [2000], quoting *Matter of Russo v New York State Bd. of Parole*, 50 NY2d 69, 77 [1980]), we decline to disturb it. Petitioner's remaining contentions have been considered and determined to be without merit.

Cardona, P.J., Rose, Lahtinen, Malone Jr. and Garry, JJ., concur. Ordered that the judgment is affirmed, without costs.