■ In the Matter of PATRICK SUTHERLAND, Appellant, v ANDREA W. EVANS, as Chair of the Division of Parole, Respondent. [918 NYS2d 679]—

Petitioner was convicted in 1990 of various crimes, including two counts of burglary in the first degree, and he was sentenced as a second violent felony offender to an aggregate prison term of 18 to 36 years. In June 2009, petitioner made his second appearance before the Board of Parole seeking parole release. That request was denied, and petitioner was ordered to be held for an additional 24 months. When petitioner received no response to his administrative appeal, he commenced this CPLR article 78 proceeding. Supreme Court dismissed the petition, and petitioner now appeals.

We affirm. We disagree with petitioner that the Board relied upon erroneous information regarding the crime for which he was convicted. Although the initial inmate status report—which included information about a crime for which petitioner was arrested, but not convicted—was mistakenly included in the packet before the Board, there is nothing in the record to suggest that the erroneous information served as a basis for the decision to deny his release (*see Matter of Restivo v New York State Bd. of Parole*, 70 AD3d 1096, 1097 [2010]; *Matter of Williams v Travis*, 11 AD3d 788, 790 [2004], *lv dismissed* 4 NY3d 813 [2005]). Petitioner brought the error to the Board's attention and he received assurances that the Board would not be considering information regarding charges that had been dismissed. Further, the reference in the Board's decision to the assault of one of petitioner's victims was amply supported by his admission during the hearing that he struck a victim in the face. We find that the Board properly considered all of the relevant statutory factors in denying petitioner's request for parole release, including his education and program achievements, disciplinary record and postrelease plans, as well as his criminal history and the seriousness of his crimes and, therefore, we cannot say that its decision exhibited "irrationality bordering on impropriety" (*Matter of Restivo v New York State Bd. of Parole*, 70 AD3d at 1097 [internal quotation marks and citations omitted]; *accord Matter of Comfort v New York State Div. of Parole*, 68 AD3d 1295, 1297 [2009]).

Finally, although the submission of the initial inmate status report to the Board violated parole guidelines, this did not provide a basis for annulment, as the guidelines " 'are not promulgated pursuant to an express grant of legislative author-

ity and do not have the force of law' " (*Matter of Perez v Evans*, 76 AD3d 1130, 1131 [2010], quoting *People ex rel. MacKelvey v New York State Div. of Parole*, 138 AD2d 549 [1988], *lv denied* 72 NY2d 802 [1988]). Petitioner's remaining arguments have been examined and found to be without merit.

Peters, J.P., Rose, Malone Jr. and Garry, JJ., concur. Ordered that the judgment is affirmed, without costs.