■ PETER GRAZIANO, on Behalf of Himself and All Others Similarly Situated, Appellant, v ANDREA W. EVANS, as Chair of the New York State Division of Parole, et al., Respondents. [935 NYS2d 382]—

Mercure, A.P.J.

In 1986, plaintiff was convicted of murder in the second degree in connection with shooting an individual following an argument that took place while both men were consuming alcohol at a bar (*People v Graziano*, 151 AD2d 775 [1989], *lv denied* 74 NY2d 809 [1989]). Plaintiff received the minimum sentence, 15 years to life in prison. He appeared before the Board of Parole five times between 2001 and 2008, and was denied parole each time. He was ultimately unsuccessful in the court proceedings that he commenced to challenge the Board's determinations denying parole (*see e.g. Matter of Graziano v Travis*, 21 AD3d 1174 [2005]; *People ex rel. Graziano v Costello*, 306 AD2d 959 [2003], *lv denied* 100 NY2d 511 [2003]; *Graziano v Lape*, 358 F Supp 2d 64 [2005]). In 2006, plaintiff commenced a class action in the United States District Court for the Southern District of New York under 42 USC § 1983, alleging that the Board had violated the US Constitution by adopting an unofficial policy of denying parole release to all prisoners

convicted of A-1 violent felony offenses, without consideration of statutorily mandated factors (*Graziano v Pataki*, 2007 WL 4302483, 2007 US Dist LEXIS 89737 [SD NY 2007]; *Graziano v Pataki*, 2006 WL 2023082, 2006 US Dist LEXIS 52556 [SD NY 2006]). That action was dismissed upon a finding that plaintiff and the other class members had failed to state federal due process, equal protection or ex post facto claims.[1]

In 2009, plaintiff commenced this action on behalf of a class that is identical to that certified in the federal action—prisoners who were convicted of A-1 felonies, are eligible for parole release, and were denied parole after their most recent hearing based upon the seriousness or nature of their offense (*see Graziano v Pataki*, 2007 WL 4302483, *2-4, 2007 US Dist LEXIS 89737, *5-12). As in the federal action, plaintiff alleges that the Board has adopted an unofficial policy resulting in the systematic denial of parole to A-1 violent felony offenders based solely on the nature of the underlying crime and without consideration of the statutorily mandated criteria set forth in Executive Law § 259-i (2) (c) (A). Unlike the federal action, plaintiff's challenges herein are grounded in allegations that the Board has violated Executive Law § 259-i, rather than the constitutional claims rejected by the United States District Court. Plaintiff seeks, among other things, a declaration that the Board violated Executive Law § 259-i, an injunction enjoining the Board from denying parole without due consideration of all factors set forth in section 259-i, and an order directing retraining and new supervisory procedures for the Board.

Defendants moved to dismiss the complaint, and plaintiff cross-moved for class certification and to consolidate this action with his then-pending CPLR article 78 proceeding challenging his 2008 denial of parole.[2] Supreme Court granted defendants' motion, dismissed the complaint, and denied plaintiff's cross motion as academic. Plaintiff appeals, and we now affirm.

Plaintiff argues that Supreme Court erred in dismissing the complaint as barred by res judicata because, he maintains, his prior proceedings challenging his adverse parole determinations did not permit a full and fair opportunity to litigate his claim that the Board is systematically violating Executive Law § 259-i. That is, plaintiff asserts that there is a meaningful distinction between a challenge to the outcome of a particular parole determination and a challenge to the Board's on-going, allegedly

---

1. Plaintiff has evidently appealed from the dismissal of the federal complaint.

2. Supreme Court has since dismissed the petition in the CPLR article 78 proceeding.

flawed process of deciding whether to grant parole to any inmate. Plaintiff contends that CPLR article 78 review of a particular determination on a limited record prevents the courts from considering evidence that the Board has a practice or policy leading to systemic violations of section 259-i—i.e., a practice of denying parole based solely on the nature of the underlying crime and without considering the additional required criteria.

Executive Law § 259-i provides that "[a]ny action by the [B]oard . . . shall be deemed a judicial function and shall not be reviewable if done in accordance with law" (Executive Law § 259-i [5]). It is well settled that it is the Board that "holds the power to decide whether to release a sentenced prisoner on parole," and "[j]udicial intervention is warranted only when there is a 'showing of irrationality bordering on impropriety' " (*Matter of Silmon v Travis*, 95 NY2d 470, 476 [2000], quoting *Matter of Russo v New York State Bd. of Parole*, 50 NY2d 69, 77 [1980]). As plaintiff asserts, the Board's consideration of the factors set forth in section 259-i (2) (c) (A) is mandatory; those factors include "the inmate's institutional record . . . , performance in any temporary release program, release plans, any deportation order issued by the [f]ederal [g]overnment, and any statement to the Board by victims or their representative," as well as the seriousness of the offense and the inmate's prior criminal record (*Matter of Silmon v Travis*, 95 NY2d at 476-477; *see* Executive Law § 259-i [2] [c] [A]). The Board is not required to discuss every factor considered, however, and it need not accord every factor equal weight (*see Matter of King v New York State Div. of Parole*, 83 NY2d 788, 791 [1994]; *Matter of Santos v Evans*, 81 AD3d 1059, 1060 [2011]). Moreover, while the Board may not "consider[ ] factors outside the scope of the applicable statute, including penal philosophy" (*Matter of King v New York State Div. of Parole*, 83 NY2d at 791), it can consider factors—such as remorse and insight into the offense—that are not enumerated in the statute but nonetheless relevant to an assessment of whether an inmate "present[s] a danger to the community" (*Matter of Silmon v Travis*, 95 NY2d at 477).

In short, erroneous determinations of the Board are reviewable in CPLR article 78 proceedings and, as Supreme Court concluded, such review necessarily involves consideration of whether the Board properly based its determination on the factors set forth in Executive Law § 259-i (2) (c) (A) (*see e.g. Matter of Silmon v Travis*, 95 NY2d at 476-478; *Matter of King v New York State Div. of Parole*, 83 NY2d at 790-791; *Matter of Santos v Evans*, 81 AD3d at 1060). Plaintiff cannot state a cognizable claim or side-step the limit on judicial review contained in sec-

tion 259-i (5) by "lumping together" a number of claims purportedly as evidence that the Board has adopted a policy of refusing to properly consider the statutory factors (*Hurrell-Harring v State of New York*, 15 NY3d 8, 23 [2010] [internal quotation marks and citation omitted]). Furthermore, plaintiff's claims herein and his standing as named plaintiff are based upon his assertions that the Board allegedly failed to adequately consider all of the statutory factors and determined to deny his most recent request for parole based solely on the seriousness of his offense. He has previously litigated this claim, however, in the context of his CPLR article 78 proceeding challenging that determination. Inasmuch as that proceeding has evidently been brought to a final conclusion, we agree with Supreme Court that the doctrine of res judicata bars "all other claims arising out of the same transaction"—such as those raised here—"even if based upon different theories or if seeking a different remedy" (*O'Brien v City of Syracuse*, 54 NY2d 353, 357 [1981]; *accord Parker v Blauvelt Volunteer Fire Co.*, 93 NY2d 343, 347 [1999]). Accordingly, the court properly dismissed the complaint.

Plaintiff's remaining arguments have either been rendered academic by our decision or, upon consideration, found to be lacking in merit.

Spain, Lahtinen, Malone Jr. and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.