*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  April 2, 2015                    519826
_____

In the Matter of TYRONE JONES,
                    Appellant,

        v                                    MEMORANDUM AND ORDER

NEW YORK STATE PAROLE BOARD,
                    Respondent.
_____


Calendar Date:  February 24, 2015

Before:  Lahtinen, J.P., McCarthy, Egan Jr. and Rose, JJ.

_____

        Tyrone Jones, Beacon, appellant pro se.

        Eric T. Schneiderman, Attorney General, Albany (Frank Brady of counsel), for respondent.

_____


        Appeal from a judgment of the Supreme Court (Melkonian, J.), entered September 25, 2014 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner's request for parole release.

        Petitioner is serving an aggregate prison term of 25 years to life upon his conviction of a multitude of crimes, including murder, manslaughter, robbery and criminal possession of a weapon, as the result of incidents that occurred in 1980 and 1982.  In April 2013, petitioner made his fourth appearance before respondent, which denied his request for parole release and ordered him held for an additional 24 months.  Petitioner filed an administrative appeal and, when it was not decided within four months, he commenced this CPLR article 78 proceeding. Supreme Court dismissed the petition and this appeal ensued.

We affirm.  Petitioner asserts that respondent relied solely on the instant nature of the offense in denying his request for parole release, rendering its determination arbitrary and capricious.  However, the record reflects that respondent also considered relevant statutory factors, including the nature of the crimes committed, his clean disciplinary record since 2008, notable program accomplishments, postrelease plans, the available sentencing minutes and the COMPAS Risk and Needs Assessment instrument.  Although respondent placed particular emphasis on the nature of the offenses, respondent "was not required to accord equal weight to each factor . . . and we cannot say that its decision to accord greater weight to petitioner's extensive criminal history was in any way irrational" (Matter of Davis v Lemons, 73 AD3d 1354, 1354 [2010]; see Matter of Kalwasinski v Paterson, 80 AD3d 1065, 1065 [2011], lv denied 16 NY3d 710 [2011]).  Upon our review of the record, we decline to disturb respondent's determination as it is supported by the record and does not reflect "irrationality bordering on impropriety" (Matter of Silmon v Travis, 95 NY2d 470, 476 [2000]; Matter of Graziano v Evans, 90 AD3d 1367, 1367 [2011], lv denied 18 NY3d 810 [2012]).

Furthermore, we have held that there is no merit to petitioner's contention that respondent has failed to promulgate written procedures for evaluating parole requests in accordance with recent amendments to Executive Law § 259-c (4) (see Matter of Delrosario v Evans, 121 AD3d 1152, 1153 [2014]; Matter of Thompson v New York State Bd. of Parole, 120 AD3d 1518, 1519 [2014]).  Petitioner's remaining contentions have been reviewed and found to be without merit.

Lahtinen, J.P., McCarthy, Egan Jr. and Rose, JJ., concur.

ORDERED that the judgment is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court