Appeal from a judgment of the Supreme Court (Hard, J.), entered July 21, 2016 in Albany County, which dismissed petitioner’s applications, in two proceedings pursuant to CPLR article 78, to, among other things, review a determination of the Board of Parole denying petitioner’s request for parole release.
*1393 In 1989, petitioner was convicted of murder in the second degree and was sentenced to a prison term of 25 years to life. In June 2015, petitioner appeared for the second time before the Board of Parole. Following a hearing, his request for parole release was denied and he was ordered held for an additional 24 months. Petitioner thereafter commenced two CPLR article 78 proceedings, one requesting the correction of certain erroneous information included in a recitation of his criminal history in a report prepared by the Department of Corrections and Community Supervision for the Board and the other challenging the Board’s denial of his request for parole release. Supreme Court consolidated the proceedings and dismissed the petitions. This appeal ensued.
We affirm. Petitioner challenges the dismissal of his petition requesting the removal of erroneous references to prior arrests in Florida in 1976 and Arizona in 1985 in the report prepared for his June 2015 parole hearing. We note, however, that a new parole board report was prepared in December 2016 that omits the references to those arrests. Accordingly, petitioner has received the relief he requested and this matter is now moot (see Matter of Smith v New York State Bd. of Parole, 121 AD3d 1466, 1467 [2014]).
Turning to the Board’s denial of his request for parole release, such decisions are discretionary and will be upheld so long as the Board complied with the statutory requirements of Executive Law § 259-i (see Matter of Ward v New York State Div. of Parole, 144 AD3d 1375, 1376 [2016]; Matter of Neal v Stanford, 131 AD3d 1320, 1320 [2015]). Here, the Board considered the proper statutory factors, including the serious nature of petitioner’s crime and his criminal history, prison disciplinary record, program accomplishments and postrelease plan, as well as the COMPAS Risk and Needs Assessment instrument and the sentencing minutes (see Matter of Hill v New York State Bd. of Parole, 130 AD3d 1130, 1130 [2015]; Matter of Borges v Stanford, 127 AD3d 1491, 1491-1492 [2015]). Contrary to petitioner’s contention, the Board also considered the order of deportation issued against him in rendering its decision. Such an order is not determinative, however, but is only one of the many factors that the Board was required to consider (see Matter of Lackwood v New York State Div. of Parole, 127 AD3d 1495, 1495 [2015]; Matter of Borrell v New York State Div. of Parole, 123 AD3d 1206, 1206-1207 [2014], lv denied 25 NY3d 901 [2015]). Further, the Board is not required to give each statutory factor equal weight and may, as it did here, place a greater emphasis on the seriousness of petitioner’s crime (see Matter of Feilzer v New York State Div. of Parole, *1394 131 AD3d 1321, 1322 [2015]; Matter of Leung v Evans, 120 AD3d 1478, 1479 [2014], lv denied 24 NY3d 914 [2015]). Finally, we also reject petitioner’s contention that the Board relied on the erroneous information in the report regarding the 1976 and 1985 arrests in reaching its decision. Petitioner informed the Board of the errors during the hearing and there is nothing in the record to suggest that the erroneous information served as a basis for the Board’s decision (see Matter of Sutherland v Evans, 82 AD3d 1428, 1429 [2011]; Matter of Restivo v New York State Bd. of Parole, 70 AD3d 1096, 1097 [2010]). In sum, we find that the Board’s decision does not exhibit “irrationality bordering on impropriety” (Matter of Russo v New York State Bd. of Parole, 50 NY2d 69, 77 [1980]; accord Matter of Silmon v Travis, 95 NY2d 470, 476 [2000]), and we decline to disturb it.
Peters, P.J., Garry, Lynch, Clark and Aarons, JJ., concur.
Ordered that the judgment is affirmed, without costs.