■ In the Matter of JOHN PLATTEN, Appellant, v NEW YORK STATE BOARD OF PAROLE, Respondent. [59 NYS3d 921]—

Appeal from a judgment of the Supreme Court (Ryba, J.), entered February 3, 2017 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner's request for parole release.

Petitioner is serving a prison sentence of 20 years to life for the crime of murder in the second degree. Petitioner's conviction stemmed from the fact that, in 1988, he twice shot the mother of his child with a shotgun, killing her. In June 2016, petitioner made an appearance before respondent. At the conclusion of the hearing, respondent denied petitioner's request for parole release and ordered that he be held for 24 months. The determination was affirmed on administrative appeal, and petitioner commenced this CPLR article 78 proceeding to annul said determination. Supreme Court dismissed the petition, and petitioner now appeals.

We affirm. "It is well settled th[at] parole release decisions are discretionary and will not be disturbed as long as [respondent] complied with the statutory requirements of Executive Law § 259-i" (*Matter of MacKenzie v Evans*, 95 AD3d 1613, 1613-1614 [2012] [citations omitted], *lv denied* 19 NY3d 815 [2012]; *see Matter of Kenefick v Sticht*, 139 AD3d 1380, 1380 [2016], *lv denied* 28 NY3d 902 [2016]) and the determination does not evince "irrationality bordering on impropriety" (*Matter of Silmon v Travis*, 95 NY2d 470, 476 [2000] [internal quotation marks and citation omitted]; *accord Matter of Jones v New York State Parole Bd.*, 127 AD3d 1327, 1328 [2015]).

Initially, we find that respondent did not err in relying on the trial court's characterization, in the sentencing minutes, of petitioner's crime as premeditated. Respondent was entitled to rely on the sentencing minutes (*see Matter of Bush v Annucci*, 148 AD3d 1392, 1393 [2017]; *Matter of Boccadisi v Stanford*, 133 AD3d 1169, 1170 [2015]) and to consider the circumstances

of petitioner's crime (*see Matter of Martinez v Evans*, 108 AD3d 815, 816 [2013]). We also find without merit petitioner's contention that respondent was barred from considering the sentencing minutes because of court orders determining that references in those minutes to certain sealed charges were to be expunged. Contrary to petitioner's contention, the relevant court orders did not require respondent to disregard the sentencing minutes. Petitioner does not allege that any unredacted material in the minutes ought to have been redacted, and there is no indication that the redactions rendered the remainder of the sentencing minutes misleading or prejudicial (*see Matter of Sutherland v Evans*, 82 AD3d 1428, 1429 [2011]; *Matter of Restivo v New York State Bd. of Parole*, 70 AD3d 1096, 1097 [2010]). As petitioner has not shown that respondent failed to comply with any statutory requirements or that the determination to deny him parole was irrational, we find no basis to disturb respondent's determination.

Egan Jr., J.P., Lynch, Rose, Aarons and Rumsey, JJ., concur. Ordered that the judgment is affirmed, without costs.