Appeal from a judgment of the Supreme Court (Elliott III, J.), entered February 7, 2017 in Albany County, which dismissed petitioner’s application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner’s request for parole release.
 

 In 1989, petitioner was convicted of murder in the second degree and criminal possession of a weapon in the second degree and sentenced to an aggregate prison term of 25 years to life. The convictions stem from petitioner’s participation in a gang-related murder of a police officer (Copeland v Walker, 258 F Supp 2d 105, 113-114 [ED NY 2003]). In May 2015, petitioner made his second appearance before respondent seeking to be released to parole supervision. Respondent denied his request and ordered him held for an additional 24 months. The determination was affirmed on administrative appeal and petitioner commenced this CPLR article 78 proceeding. Following joinder of issue, Supreme Court dismissed the petition, and petitioner now appeals.
 

 We affirm. “Parole decisions are discretionary and will not be disturbed so long as respondent complied with the statutory requirements of Executive Law § 259-i” (Matter of Almonte v New York State Bd. of Parole, 145 AD3d 1307, 1307 [2016] [internal quotation marks, brackets and citations omitted], lv denied 29 NY3d 905 [2017]; accord Matter of Bello v Board of Parole, 149 AD3d 1458, 1458 [2017]). The record reflects that respondent took into consideration the relevant statutory factors, including the serious nature of the crime, petitioner’s lack of a criminal history, his relatively clean disciplinary history, positive program accomplishments, his release plans, as well as the sentencing minutes, which include the sentencing court’s recommendation against parole, and the COMPAS Risk and Needs Assessment instrument (see Matter of Rivera v Stanford, 149 AD3d 1445, 1445-1446 [2017]; Matter of Hill v New York State Bd. of Parole, 130 AD3d 1130, 1130-1131 [2015]). Respondent was not required to give each statutory factor equal weight and was entitled to place greater emphasis on the severity of petitioner’s crime (see Matter of Perea v Stanford, 149 AD3d 1392, 1393 [2017]; Matter of King v Stanford, 137 AD3d 1396, 1397 [2016]).
 

 We reject petitioner’s contention that respondent relied on erroneous information, including his purported confession, in reaching its decision. Although a member of respondent stated at the hearing that petitioner and others had “made various confessions and remarks regarding [his] guilt in the offense,” petitioner informed respondent that he never confessed to the crime and asserted his innocence. Petitioner also claimed that certain other codefendants never implicated him, but he did admit that at least one witness placed him at the scene of the crime. Petitioner informed respondent of the alleged errors during the hearing and there is no indication in the record to suggest that the controverted information served as a basis for respondent’s decision (see Matter of Perea v Stanford, 149 AD3d at 1394; Matter of Sutherland v Evans, 82 AD3d 1428, 1429 [2011]). Further, we note that “it is generally not [respondent’s] role to reevaluate a claim of innocence” (Matter of Silmon v Travis, 95 NY2d 470, 477 [2000]). In sum, respondent’s determination does not evince “irrationality bordering on impropriety” (Matter of Russo v New York State Bd. of Parole, 50 NY2d 69, 77 [1980]; see Matter of Partee v Evans, 117 AD3d 1258, 1259 [2014], lv denied 24 NY3d 901 [2014]). Petitioner’s remaining claims have been considered and found to be without merit. Accordingly, we decline to disturb respondent’s determination.
 

 Lynch, J.P., Rose, Devine, Rumsey and Pritzker, JJ., concur.
 

 Ordered that the judgment is affirmed, without costs.