Matter of Robinson v New York State Bd. of Parole (2018 NY Slip Op 04815)





Matter of Robinson v New York State Bd. of Parole


2018 NY Slip Op 04815


Decided on June 28, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 28, 2018


[*1]In the Matter of ANDREW ROBINSON, 
v
NEW YORK STATE BOARD OF PAROLE, Respondent.

Calendar Date: May 8, 2018

Before: Garry, P.J., Lynch, Devine, Mulvey and Aarons, JJ.


Andrew Robinson, Rome, appellant pro se.
Barbara D. Underwood, Attorney General, Albany (Joseph M. Spadola of counsel), for respondent.



MEMORANDUM AND ORDER
Appeal from a judgment of the Supreme Court (Hartman, J.), entered October 19, 2017 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner's request for parole release.
Petitioner was convicted in 1998 of robbery in the first degree (three counts) and criminal possession of stolen property in the fifth degree (three counts), after he robbed three individuals at gunpoint on a New York City subway. He was thereafter sentenced, as modified upon appeal, to an aggregate prison term of 20 to 40 years (see Penal Law § 70.30 [1] [e]; People v Robinson, 281 AD2d 564, 565 [2001], lv denied 96 NY2d 866 [2001]). In September 2016, petitioner appeared before respondent for the first time seeking to be released to parole supervision. Respondent denied the request and ordered him held for an additional 24 months. The determination was affirmed on administrative appeal, and petitioner commenced this CPLR article 78 proceeding. Following joinder of issue, Supreme Court dismissed the petition and petitioner appeals.
We affirm. "[P]arole release decisions are discretionary and will not be disturbed so long as respondent complied with the statutory requirements set forth in Executive Law § 259-i" (Matter of Hill v New York State Bd. of Parole, 130 AD3d 1130, 1130 [2015]; see Matter of Copeland v New York State Bd. of Parole, 154 AD3d 1157, 1157 [2017]). The record reflects that, in reaching its determination, respondent took into account the relevant statutory factors, including the serious nature of petitioner's crimes, his criminal history, his prison disciplinary record, his positive program accomplishments, the COMPAS Needs and Risk Assessment instrument, his postrelease plans and his sentencing minutes (see Matter of Perea v Stanford, 149 AD3d 1392, 1393 [2017]; Matter of King v Stanford, 137 AD3d 1396, 1397 [2016]). Respondent was not required to give each factor equal weight and could place more emphasis on the severity of petitioner's crimes (see Matter of Arena v New York State Dept. of Corr. & Community Supervision, 156 AD3d 1101, 1102 [2017]; Matter of Copeland v New York State [*2]Bd. of Parole, 154 AD3d at 1158). Contrary to petitioner's contention, respondent's determination was sufficiently detailed to permit intelligent appellate review (see Matter of Dolan v New York State Bd. of Parole, 122 AD3d 1058, 1059 [2014], lv denied 24 NY3d 915 [2015]; Matter of Ek v Travis, 20 AD3d 667, 668 [2005], lv dismissed 5 NY3d 862 [2005]). Inasmuch as respondent's determination does not exhibit "'irrationality bordering on impropriety'" (Matter of Silmon v Travis, 95 NY2d 470, 476 [2000], quoting Matter of Russo v New York State Bd. of Parole, 50 NY2d 69, 77 [1980]), it will not be disturbed. We have reviewed petitioner's remaining arguments, including those arising from respondent's consideration of his prior youthful offender adjudications in reaching its determination, and, to the extent they are properly before us, find them to be without merit.
Garry, P.J., Lynch, Devine, Mulvey and Aarons, JJ., concur.
ORDERED that the judgment is affirmed, without costs.