Matter of Rodriguez v New York State Bd. of Parole (2019 NY Slip Op 00663)





Matter of Rodriguez v New York State Bd. of Parole


2019 NY Slip Op 00663


Decided on January 31, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 31, 2019

527070

[*1]In the Matter of FERMIN RODRIGUEZ, Appellant,
v
NEW YORK STATE BOARD OF PAROLE, Respondent.

Calendar Date: January 4, 2019

Before: Egan Jr., J.P., Lynch, Mulvey, Rumsey and Pritzker, JJ.


Fermin Rodriguez, Woodbourne, appellant pro se.
Letitia James, Attorney General, Albany (Brian D. Ginsberg of counsel), for respondent.



MEMORANDUM AND ORDER
Appeal from a judgment of the Supreme Court (Schick, J.), entered June 28, 2018 in Sullivan County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner's request for parole release.
In 1993, petitioner, a foreign citizen, devised an elaborate scheme to kidnap the owner of the business where he worked and hold him captive until the owner's family paid a substantial ransom. In furtherance of this scheme, petitioner and five others abducted the owner at knifepoint and held him in an underground pit for nearly two weeks while waiting for the ransom money to be delivered. Petitioner did not immediately free the owner or disclose his whereabouts after receiving the ransom money, but was apprehended by the police soon thereafter. He subsequently pleaded guilty to kidnapping in the first degree and was sentenced as a violent felony offender to 20 years to life in prison. In May 2017, petitioner made his third appearance before respondent seeking to be released to parole supervision. At the conclusion of the hearing, petitioner's request was denied and he was ordered held for an additional 24 months. The denial was later affirmed on administrative appeal, and petitioner commenced this CPLR article 78 proceeding challenging it. Following joinder of issue, Supreme Court dismissed the petition and petitioner appeals.
We affirm. "It is well settled that parole release decisions are discretionary and will not be disturbed as long as [respondent] complied with the statutory requirements set forth in Executive Law § 259-i" (Matter of Cobb v Stanford, 153 AD3d 1500, 1501 [2017] [citations omitted]; accord Matter of Beodeker v Stanford, 164 AD3d 1555, 1555 [2018]). The record here discloses that respondent considered the appropriate statutory factors in making its decision, including, among other things, the serious nature of petitioner's crime, his lack of criminal history, minimal prison disciplinary record, positive program accomplishments, postrelease plans and low score on the COMPAS Risk and Needs Assessment instrument (see Matter of Robinson v New York State Bd. of Parole, 162 AD3d 1450, 1451 [2018]; Matter of Franza v Stanford, 155 [*2]AD3d 1291, 1291 [2017], lv denied 30 NY3d 911 [2018]). In addition, respondent properly took into account the sentencing minutes, which contained the trial court's recommendation that petitioner not be released to parole (see Executive Law § 259-i [2] [c] [A] [vii]; Matter of Copeland v New York State Bd. of Parole, 154 AD3d 1157, 1158 [2017]). Furthermore, although a deportation order was issued and was among the documents reviewed by respondent, this was simply another factor for respondent to consider and did not guarantee petitioner's release (see Matter of Perea v Stanford, 149 AD3d 1392, 1393 [2017]; Matter of Delrosario v Stanford, 140 AD3d 1515, 1516 [2016]). We have considered petitioner's remaining contentions and find them to be unavailing. Inasmuch as respondent's decision does not evince "'irrationality bordering on impropriety'" (Matter of Silmon v Travis, 95 NY2d 470, 476 [2000], quoting Matter of Russo v New York State Bd. of Parole, 50 NY2d 69, 77 [1980]), Supreme Court properly dismissed the petition.
Egan Jr., J.P., Lynch, Mulvey, Rumsey and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed, without costs.