Matter of Payne v Stanford (2019 NY Slip Op 05242)





Matter of Payne v Stanford


2019 NY Slip Op 05242


Decided on June 27, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 27, 2019

527278

[*1]In the Matter of TIMOTHY PAYNE, Appellant,
v
TINA M. STANFORD, as Chair of the Board of Parole, Respondent.

Calendar Date: May 24, 2019

Before: Garry, P.J., Egan Jr., Lynch, Clark and Mulvey, JJ.


Timothy Payne, Marcy, appellant pro se.
Letitia James, Attorney General, Albany (Brian D. Ginsberg of counsel), for respondent.



MEMORANDUM AND ORDER
Appeal from a judgment of the Supreme Court (Young, J.), entered June 29, 2018 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner's request for parole release.
Petitioner was convicted in 1994 of rape in the first degree (eight counts), sodomy in the first degree (eight counts), sexual abuse in the first degree (eight counts), incest (four counts) and endangering the welfare of a child (two counts) and an aggregate sentence of 16½ years to 40 years in prison was imposed. The convictions stemmed from, among other things, petitioner having intercourse with his nine-year-old daughter and her 10-year-old friend several times over the course of three months. In April 2017, petitioner made an appearance before the Board of Parole seeking to be released to parole supervision. Following a hearing, his request was denied and he was ordered held for an additional 24 months. The decision was later upheld on administrative appeal, and petitioner commenced this CPLR article 78 proceeding. Following joinder of issue, Supreme Court dismissed the petition, and petitioner appeals.
We affirm. "It is well settled that parole release decisions are discretionary and will not be disturbed as long as the Board complied with the statutory requirements set forth in Executive Law § 259-i" (Matter of Cobb v Stanford, 153 AD3d 1500, 1501 [2017] [citations omitted]; accord Matter of Rodriguez v New York State Bd. of Parole, 168 AD3d 1342, 1343 [2019]). The record reflects that the Board took the relevant statutory factors into account in reaching its determination. These factors included the serious nature of petitioner's crimes, his criminal history, which included a failure to comply with conditions imposed while under probation supervision, his prison disciplinary history indicating no infractions since 2014, his positive program accomplishments, his postrelease plans and his sentencing minutes. The Board also considered petitioner's COMPAS Needs and Risk Assessment instrument, which indicated a low risk of felony violence or arrest upon reentry but a high risk of substance abuse after release. The [*2]record reveals that, during the hearing, petitioner blamed his crimes, in part, on his history of "heavy drinking and heavy use of marihuana" that "impaired [his] decision making." The Board was apparently persuaded in part by the horrific nature of petitioner's crimes, which involved performing multiple sexual acts over several months on two very young girls, including his own daughter. Having reviewed the record, we do not find that the Board's denial of petitioner's request evinces "'irrationality bordering on impropriety'" (Matter of Silmon v Travis, 95 NY2d 470, 476 [2000], quoting Matter of Russo v New York State Bd. of Parole, 50 NY2d 69, 77 [1980]; see Matter of Beodeker v Stanford, 164 AD3d 1555, 1556 [2018]).
We reject petitioner's contention that he was denied a fair hearing. Petitioner argues that the Board improperly questioned him regarding both what caused him to commit the crimes and why he initially failed to accept responsibility, resulting in the two young victims having to testify in court against him. "[W]hile the Board may not consider factors outside the scope of the applicable statute . . ., it can consider factors — such as remorse and insight into the offense — that are not enumerated in the statute but nonetheless relevant to an assessment of whether an inmate presents a danger to the community" (Graziano v Evans, 90 AD3d 1367, 1369 [2011], lv denied 18 NY3d 810 [2012] [internal quotation marks, brackets and citations omitted]; see Matter of Silmon v Travis, 95 NY2d at 477). As the Board's questions challenged by petitioner were aimed at petitioner's remorse, his acceptance of responsibility and insight into the crimes, they were not improper (see Matter of Crawford v New York State Bd. of Parole, 144 AD3d 1308, 1309 [2016], lv denied 29 NY3d 901 [2017]; Matter of Khatib v New York State Bd. of Parole, 118 AD3d 1207, 1208 [2014]) and did not deprive petitioner of a fair hearing. Finally, petitioner's claim that one of the commissioners who participated in this parole proceeding should have been precluded because she participated in an earlier proceeding where petitioner was denied release is unsupported by any regulatory or statutory authority. There is nothing in the record indicating that she was unqualified or biased against him (see Matter of Hawkins v New York State Dept. of Corr. & Community Supervision, 140 AD3d 34, 40 [2016]). Petitioner's remaining claims have been considered and found to be without merit.
Garry, P.J., Egan Jr., Lynch, Clark and Mulvey, JJ., concur.
ORDERED that the judgment is affirmed, without costs.