OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed, with costs.
 

 The issue in this case is whether petitioner was afforded a proper hearing prior to the denial of his application for release to parole supervision. His conviction, after a jury trial, stemmed from the shooting death of an off-duty police officer during a robbery at a fast food restaurant on May 25, 1970. He was sentenced to a prison term of 25 years to life. In 1987, the United States Court of Appeals for the Second Circuit determined that his sentence was constitutionally invalid because the sentencing Judge had misunderstood the date he would become eligible for parole. Thus, he was resentenced to a prison term of 20 years to life, which qualified him for release to parole supervision on May 28, 1990.
 

 Petitioner has thrice sought release to parole supervision. In this proceeding, he challenges the Board’s determination denying his most recent request for parole. Supreme Court directed the Parole Board to release him to parole supervision. The Appellate Division reversed the portion of the order requiring his release and remanded the matter for a de nova hearing (190 AD2d 423). We affirm.
 

 Executive Law article 12-B (§ 259
 
 et seq.)
 
 contains the procedures governing parole. Section 259-i (2) (c) provides, in part, that discretionary release to parole supervision is not to be granted to an inmate merely as a reward for good behavior while in prison, but after considering whether "there is a reasonable probability that, if such inmate is released, he will live and remain at liberty without violating the law, and that his release is not incompatible with the welfare of society and will not so deprecate the seriousness of his crime as to undermine respect for law.” That paragraph requires that the Parole Board consider certain guidelines, including the inmate’s institutional record, participation in a temporary release program, and release plans. In addition, where, as here, a court and not the Board of Parole has set the minimum period of imprisonment, the Parole Board must also consider the seriousness of the offense and the inmate’s prior criminal record
 
 (see,
 
 Executive Law § 259-i [1] [a]; [2] [c]).
 

 
 *791
 
 While a Parole Board need not expressly discuss each of these guidelines in its determination
 
 (see, Matter of Davis v New York State Div. of Parole,
 
 114 AD2d 412;
 
 People ex rel. Haderxhanji v New York State Bd. of Parole,
 
 97 AD2d 368, 369), it must provide the inmate with a proper hearing in which only the relevant guidelines are considered
 
 (see, People ex rel. Herbert v New York State Bd. of Parole,
 
 97 AD2d 128, 132). As the record before us indicates, that was not done here.
 

 There is evidence in the record that petitioner was not afforded a proper hearing because one of the Commissioners considered factors outside the scope of the applicable statute, including penal philosophy, the historical treatment of individuals convicted of murder, the death penalty, life imprisonment without parole, and the consequences to society if those sentences are not in place. Consideration of such factors is not authorized by Executive Law § 259-i.
 

 Chief Judge Kaye and Judges Simons, Bellacosa, Smith, Levine and Ciparick concur; Judge Titone taking no part.
 

 Order affirmed, with costs, in a memorandum.