Anthoni DAVIS, Plaintiff,

v.

Gail THOMAS, Acting Superintendent, Mid–Orange Correctional Facility and Brion Travis, Chairman, New York Division of Parole, Defendants.

No. 03 Civ. 0395(VM).

United States District Court, S.D. New York.

April 4, 2003.

Anthoni Davis, Warwick, NY, pro se.

### DECISION AND ORDER

MARRERO, District Judge.

Petitioner Anthoni Davis ("Davis"), acting *pro se,* filed this action against defendants Gail Thomas, Acting Superintendent of New York State's Mid–Orange Correctional Facility ("Mid–Orange"), and Brion Travis, Chairman of the New York Division of Parole (collectively "Defendants" or the "State"). Davis seeks a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, alleging violation of his federal rights to due process and equal protection of the law arising from the State's denial of his application for parole. In connection with his petition, Davis also filed motions seeking discovery, appointment of counsel, and to be released on bail pending review of his habeas application. By Order dated February 13, 2003 [Doc. No. 5] the Court

directed the State to respond to Davis's petition and motions and established a briefing scheduled for the parties' respective submissions. However, upon further consideration of the petition and accompanying record, the Court finds sufficient cause to vacate its February 13, 2003 Order and, concluding that there is no merit to Davis's claims, to deny the petition prior to answer, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

In so ruling, the Court notes that Davis's action is one of numerous other habeas corpus petitions recently filed in this Court by Mid–Orange inmates raising similar if not identical claims and arguments. In four of these cases, prior decisions of this Court addressed and rejected the essential aspects of those petitioners' arguments on the merits. *See, e.g., Manley v. Thomas,* No. 02 Civ. 9754, 2003 WL 1739003 (S.D.N.Y. Apr.2, 2003); *Brown v. Thomas,* No. 02 Civ. 9257, 2003 WL 941940 (S.D.N.Y. March 10, 2003); *Defino v. Thomas,* No. 02 Civ. 7413, 2003 WL 40502 (S.D.N.Y. Jan.2, 2003); *Lowery v. Thomas,* No. 03 Civ. 0362, slip op. (S.D.N.Y. March 20, 2003) (*sua sponte* dismissing the habeas petition in reliance on *Brown* ). Having recently ruled on the petition in *Manley,* the Court also notes in reviewing Davis's petition that it is grounded literally on carbon copies of the underlying petition and motion briefs filed in *Manley,* and possibly in the other similar cases.

The Court finds the analysis and conclusions in *Manley, Brown* and *Defino* controlling insofar as those cases address legal issues common to Davis's petition. Moreover, the Court finds that whatever facts Davis presents that may be particular to the circumstances of his conviction and prior criminal history are either immaterial or not sufficiently distinguishable from those the Court considered *Manley* and that were also pertinent to the rulings in *Brown* and *Defino.* Guided by the approach adopted in the decisions cited above, the Court finds no merit in the claims presented by Davis and denies the petition, declining to rule on his claim challenging as ineffective and futile the administrative procedures available to the State's inmates to appeal denials of parole. On this basis, the Court considers it unnecessary to further review the motions accompanying Davis's petition and deems them denied.

■ As the Court observed in *Manley,* denial of parole may be justified on the basis of reasonable considerations defined by statute, including the inmate's criminal history and seriousness of the offense for which he is in custody. *See Manley,* 2003 WL 1739003, at *3; *see also Silmon v. Travis,* 95 N.Y.2d 470, 718 N.Y.S.2d 704, 741 N.E.2d 501, 505 (2000). ("[T]he Board is empowered to deny parole where it concludes that release is incompatible with the welfare of society."); *Garcia v. N.Y.S. Div. of Parole,* 239 A.D.2d 235, 657 N.Y.S.2d 415, 418 (App. Div. 1st Dep't 1997).

■ The factors the Parole Board may weigh in considering an inmate's application for parole are defined in the New York Executive Law. The statute specifies that:

> Discretionary release on parole shall not be granted merely as a reward for good conduct or efficient performance of duties while confined but after considering if there is a reasonable probability that, if such inmate is released, he will live and remain at liberty without violating the law, and that his release is not incompatible with the welfare of society and will not so deprecate the seriousness of his crime as to undermine respect for law.

N.Y. Exec. L. § 259–i(2)(c)(A). In addition, where an inmate's minimum sentence is imposed by the court, the Parole Board must also consider

> the seriousness of the offense with due consideration to the type of sentence, length of sentence and recommendations of the sentencing court ... [and the inmate's] prior criminal record, including the nature and pattern of offenses, adjustment to any previous probation or parole supervision and institutional confinement.

N.Y. Exec. L. § 259–i(1)(A); *see Silmon,* 718 N.Y.S.2d 704, 741 N.E.2d at 505. The Parole Board has discretion to accord these considerations whatever weight it deems appropriate, and need not expressly discuss each of the reasons in its determination. *See Garcia,* 657 N.Y.S.2d at 418 (citing *King v. New York State Div. of Parole,* 83 N.Y.2d 788, 610 N.Y.S.2d 954, 632 N.E.2d 1277 (1994)).

■ Here, in regards to Davis's due process claim, the record indicates that, contrary to Davis's contention, the Parole Board considered not only the seriousness of the crime for which Davis is currently in custody, but also his participation in rehabilitation programs and post-release plans. Even if, as Davis asserts, he fully complied with all rehabilitation goals set for him, and he was nonetheless denied parole primarily because of the violent felony for which he was convicted, "the Board was fully entitled to determine that the nature of the crime outweighed the positive aspects of his record." *Brown,* 2003 WL 941940, at *2 (citing *Defino,* 2003 WL 40502, at *4); *see also Silmon,* 718 N.Y.S.2d 704, 741 N.E.2d at 505 ("[T]he Board was required to assess whether [the petitioner] presented a danger to the community, or whether there was a reasonable probability that he could live at liberty without repeating his offense."). And al-

though Davis, like the petitioner in *Manley,* asserts conclusorily that political pressure and public opinion tainted the Parole Board's decision, Davis presents no factual evidence whatever pointing to anything in the record supporting his allegation. Accordingly, Davis's habeas corpus petition grounded on denial of due process must be denied.

■ Concerning his equal protection claim, Davis, like the petitioners in *Manley* and *Brown,* asserts that when he was denied parole, the same Parole Board on the same day granted parole to several other inmates convicted of manslaughter, and that the State has articulated no rational or legitimate reason for treating him differently from other similarly situated inmates. Davis cites no evidence that the denial of his application was grounded on any suspect classification or that he was otherwise the victim of unlawful disparate treatment. In this regard, in *Manley,* this Court, relying on *Brown,* considered and rejected an identical argument. *See Manley,* 2003 WL 1739003, at *4. The same analysis and reasons support denial of Davis's equal protection claim.

## II.  ORDER

For the reasons discussed above, it is hereby

**ORDERED** that on its own motion, the Court, having found sufficient cause, directs that the Scheduling Order herein dated February 13, 2003 [Doc. No. 5] is vacated; and it is further

**ORDERED** that Anthoni Davis's petition for a writ of habeas corpus is denied; and it is finally

**ORDERED** that the petitioner's motions seeking discovery, release on bail and appointment of counsel deemed denied.

The Clerk of Court is directed to close this case.

As the petitioner has made no substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c)(2); *Lucidore v. New York State Div. of Parole,* 209 F.3d 107, 111–13 (2d Cir.), *cert denied,* 531 U.S. 873, 121 S.Ct. 175, 148 L.Ed.2d 120 (2000).

SO ORDERED.