In the Matter of KENNETH L. GASTON, Appellant, v JAMES L. BERBARY, as Superintendent of Collins Correctional Facility, et al., Respondents. [791 NYS2d 781]—

Appeal from a judgment (denominated order) of the Supreme Court, Erie County (Sheila A. DiTullio, A.J.), entered March 23, 2004 in a proceeding pursuant to CPLR article 78. The judgment denied the petition.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Petitioner appeals from a judgment denying his petition pursuant to CPLR article 78 seeking to vacate the determination of the New York State Division of Parole (Board) denying his release to parole supervision. Petitioner was sentenced in 1978 to, inter alia, a term of 20 years to life imprisonment for his conviction of murder in the second degree (Penal Law § 125.25 [1]). Petitioner correctly contends that he has an exemplary disciplinary record, that he has engaged in virtually every program available to him, and that he has earned both a bachelors degree and a masters degree during his confinement. Nevertheless, "[d]iscretionary release on parole shall not be granted merely as a reward for good conduct or efficient performance of duties while confined" (Executive Law § 259-i [2] [c] [A]; *see Matter of Silmon v Travis*, 95 NY2d 470, 476 [2000]). We reject the contention of petitioner that the Board failed to consider his institutional record and based its determination solely upon the seriousness of the crime (*cf. Matter of King v New York State Div. of Parole*, 190 AD2d 423, 432-433 [1993], *affd* 83 NY2d 788 [1994]). The Board noted that the murder was premeditated and carried out with anger in order to seek revenge on the victim (*see id.* at 433). It also considered, however, petitioner's institutional record and letters in support of petitioner in its determination to deny parole release (*see Silmon*, 95 NY2d at 476-477). We conclude that the determination does not show "irrationality bordering on impropriety" and therefore that there is no basis for judicial intervention (*Matter of Russo v New York State Bd. of Parole*, 50 NY2d 69, 77 [1980]; *see Silmon*, 95 NY2d at 476; *Matter of Raqiyb v Donnelly*, 307 AD2d 761 [2003]). We have reviewed petitioner's remaining contention and conclude that it is without merit. Present—Green, J.P., Scudder, Kehoe, Smith and Hayes, JJ.