■ In the Matter of WILLIAM R. PHILLIPS, Respondent, v BRION D. TRAVIS, as Commissioner of the New York State Division of Parole, Appellant. [800 NYS2d 397]—

Judgment, Supreme Court, New York County (Alice Schlesinger, J.), entered April 4, 2005, which granted petitioner's application to annul respondent's determination denying petitioner parole, and remanded the matter for a rehearing before a Parole Board comprised of different commissioners, unanimously reversed, on the law, without costs, the determination reinstated and the petition dismissed.

Contrary to the finding of the motion court, respondent complied with the statutory mandate to consider certain guidelines in determining whether to release an inmate on parole (Executive Law § 259-i [2] [c] [A]). The Parole Board is not required to delineate in its decision each of the guidelines considered (*Matter of King v New York State Div. of Parole*, 83 NY2d 788, 791 [1994]). The record reflects that petitioner was afforded a proper hearing in which only the relevant guidelines were considered (see *id.*). Where, as here, the sentencing court, and not the Board of Parole, has set the minimum sentence of imprisonment, those guidelines include the seriousness of the offense and the inmate's prior criminal record (*id.* at 790, citing Executive Law § 259-i [1] [a]; [2] [c]). Given the heinousness of petitioner's crime, the Board's denial of parole was neither arbitrary nor capricious (see *Matter of Garcia v New York State Div. of Parole*, 239 AD2d 235, 240 [1997]). Concur—Saxe, J.P., Ellerin, Sweeny and Catterson, JJ. [*See* 6 Misc 3d 1041(A), 2005 NY Slip Op 50386(U) (2005).]