■ In the Matter of DANIEL JOHNSON, Appellant, v ROBERT J. DENNISON, as Chairman of New York State Division of Parole, Respondent. [849 NYS2d 741]—

Appeal from a judgment (denominated order) of the Supreme Court, Erie County (Russell P. Buscaglia, A.J.), entered April 10, 2007 in a proceeding pursuant to CPLR article 78. The judgment dismissed the petition.

It is hereby ordered that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner appeals from a judgment dismissing his petition pursuant to CPLR article 78 seeking to annul the determination of the New York State Division of Parole (Parole Board) denying him parole release for the second time, in December 2005. Petitioner was convicted of murder in the second degree (Penal Law §§ 20.00, 125.25 [1]) in 1989 on a theory of accessorial liability, and County Court imposed the minimum sentence of 15 years to life imprisonment (*see* § 70.00 [2] [a]; [3] [a] [i]). We reject petitioner's contention that the Parole Board failed to review the sentencing minutes and thus that the determination of the Parole Board was arbitrary and capricious. Although the Parole Board did not expressly discuss the sentencing minutes, the record establishes that those minutes were before the Parole Board (*cf. Matter of Standley v New York State Div. of Parole*, 40 AD3d 1344, 1345 [2007]), and the record further establishes that the Parole Board was aware that the minimum sentence had been imposed by the court (*see* Executive Law § 259-i [1] [a]). Furthermore, the Parole Board acknowledged petitioner's clean disciplinary record while incarcerated and the many materials submitted on petitioner's behalf, and it commended petitioner on his many achievements while incarcerated (*see* § 259-i [2] [c] [A] [i]; *Matter of Silmon v Travis*, 95 NY2d 470, 476-477 [2000]). The Parole Board nevertheless determined that granting parole release would deprecate the seriousness of the crime (*see* § 259-i [2] [c] [A]). Where, as here, there is no "showing of irrationality bordering on impropriety," judicial intervention is not warranted (*Matter of Russo v New York State Bd. of Parole*, 50 NY2d 69, 77 [1980]; *see Silmon*, 95 NY2d at 476). Present—Scudder, P.J., Martoche, Peradotto, Pine and Gorski, JJ.