■ In the Matter of ROGER MITCHELL, Respondent, v NEW YORK STATE DIVISION OF PAROLE, Sued Herein as NEW YORK STATE BOARD OF PAROLE, Appellant. [871 NYS2d 688]—

In a proceeding pursuant to CPLR article 78 to review a determination of the New York State Division of Parole dated February 8, 2007, which, after a hearing, denied the petitioner's application to be released to parole, the appeal is from a judgment of the Supreme Court, Orange County (Alessandro, J.), dated March 28, 2008, which granted the petition, annulled the determination, and, in effect, remitted the matter to the New York State Division of Parole for a new hearing.

Ordered that the judgment is affirmed, without costs or disbursements.

Pursuant to Executive Law article 12-B, the New York State Division of Parole (hereinafter the Parole Board) is required to consider a number of statutory factors in determining whether an inmate should be released to parole (*see Matter of King v*

*New York State Div. of Parole*, 83 NY2d 788, 790 [1994]; Executive Law § 259-i [2] [c]). While the Parole Board need not expressly discuss each of these factors in its determination (*see Matter of King v New York State Div. of Parole*, 83 NY2d at 790), it must, by law, inform the inmate in writing of the factors and reasons for denial of parole, and "[s]uch reasons shall be given in detail and not in conclusory terms" (Executive Law § 259-i [2] [a]). The written decision in this case stated that denial of parole was based on the circumstances of the underlying crime. While the seriousness of the underlying offense remains acutely relevant in determining whether the petitioner should be released on parole, the record supports the petitioner's contention that the Parole Board failed to take other relevant statutory factors into account (*see Matter of Silmon v Travis*, 95 NY2d 470 [2000]; *see Matter of Wallman v Travis*, 18 AD3d 304 [2005]; *Matter of King v New York State Div. of Parole*, 190 AD2d 423, 432-433 [1993], *affd* 83 NY2d 788 [1994]). Accordingly, the Supreme Court correctly granted the petition to the extent of vacating the determination and directing a new hearing. Spolzino, J.P., Covello, Balkin and Belen, JJ., concur.