■ In the Matter of JASON HUNTLEY, Appellant, v ANDREA EVANS, Respondent. [910 NYS2d 112]—

In a proceeding pursuant to CPLR article 78 to review a determination of the New York State Board of Parole, dated January 21, 2009, denying, after a hearing, the petitioner's application to be released to parole, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Orange County (Lubell, J.), dated January 15, 2010, which converted the matter, originally commenced as a declaratory judgment action, to a proceeding pursuant to CPLR article 78, denied, as academic, the petitioner's motion to substitute Andrea Evans, Chairperson of the New York State Division of Parole, as the respondent, denied the petition, and dismissed the proceeding.

Ordered that the order and judgment is modified, on the law, (1) by deleting the provision thereof denying the petitioner's motion to substitute Andrea Evans, Chairperson of the New York State Division of Parole, as the respondent, and substituting therefor a provision granting the motion, and (2) by deleting the provision thereof denying the petition and dismissing the proceeding, and substituting therefor a provision granting the petition to the extent of annulling the determination and remitting the matter to the New York State Division of Parole for a de novo parole hearing; as so modified, the order and judgment is affirmed, without costs or disbursements.

The petitioner killed the brother-in-law of his ex-girlfriend by shooting him twice in the chest. The petitioner was convicted of murder in the second degree and sentenced to an indeterminate term of imprisonment of 17 years to life. At his second appearance before the New York State Board of Parole (hereinafter the Parole Board), the Parole Board denied his application to be released to parole, citing only the seriousness of the offense. Specifically, the Parole Board stated, "you appear before this panel with the serious instant offense of murder 2 wherein you shot a male victim twice in the chest with a hunting rifle causing his death. This panel is disturbed by the extreme violence associated with this terrible crime." The petitioner challenged the Parole Board's determination, and the Supreme Court, after converting the declaratory judgment action to a proceeding pursuant to CPLR article 78, denied, as academic, the petitioner's motion to substitute Andrea Evans, Chairperson of the Parole Board, as the respondent, denied the petition, and dismissed the proceeding.

Contrary to the petitioner's contention, the Supreme Court properly converted this matter, originally commenced as a declaratory judgment action, into a proceeding pursuant to CPLR article 78 (*see New York City Health & Hosps. Corp. v McBarnette*, 84 NY2d 194, 204 [1994]; *Town of Fishkill v Royal Dutchess Props.*, 231 AD2d 511 [1996]).

Pursuant to Executive Law § 259-i, the Parole Board is required to consider a number of statutory factors in determining whether an inmate should be released to parole (*see Matter of Miller v New York State Div. of Parole*, 72 AD3d 690, 691 [2010]; *Matter of Mitchell v New York State Div. of Parole*, 58 AD3d 742 [2009]). The Parole Board is not required to give equal weight to each factor, nor is it required to articulate specifically each factor in its determination (*see Matter of Miller v New York State Div. of Parole*, 72 AD3d at 691; *Matter of Hanson v New York State Bd. of Parole*, 57 AD3d 994, 994-995 [2008]; *Matter of Wan Zhang v Travis*, 10 AD3d 828, 829 [2004]). However, where the Parole Board denies release to parole solely on the basis of the seriousness of the offense, in the absence of any aggravating circumstance, it acts irrationally (*see Matter of Mitchell v New York State Div. of Parole*, 58 AD3d at 743; *Matter of Friedgood v New York State Bd. of Parole*, 22 AD3d 950, 951 [2005]; *Matter of King v New York State Div. of Parole*, 190 AD2d 423, 433 [1993], *affd* 83 NY2d 788 [1994]; *cf. Matter of Guzman v Dennison*, 32 AD3d 798, 799 [2006]). Here, the Parole Board cited only the seriousness of the petitioner's crime, and failed to mention in its determination any of the other statutory factors, including his record of achievements, training of animals while incarcerated for use by law enforcement, the physically challenged, and veterans of war, good disciplinary record, and the positive recommendation made by the sentencing court. Accordingly, the Parole Board's determination demonstrates that it failed to weigh the statutory factors, and a new parole hearing is warranted (*see Matter of Johnson v New York State Div. of Parole*, 65 AD3d 838, 839 [2009]; *Matter of Mitchell v New York State Div. of Parole*, 58 AD3d at 743; *Matter of Friedgood v New York State Bd. of Parole*, 22 AD3d at 951; *Matter of Wallman v Travis*, 18 AD3d 304, 309 [2005]).

In light of our determination, the petitioner's motion to substitute Andrea Evans, Chairperson of the Parole Board, as the respondent, must be granted (*see* CPLR 1019). Dillon, J.P., Florio, Leventhal and Chambers, JJ., concur.