■ In the Matter of LOUIS GELSOMINO, Appellant, v NEW YORK STATE BOARD OF PAROLE, Respondent. [918 NYS2d 892]—

Pursuant to Executive Law § 259-i (2) (c), the New York State Board of Parole (hereinafter the Parole Board) is required to consider a number of statutory factors in determining whether an inmate should be released on parole (*see Matter of Miller v New York State Div. of Parole*, 72 AD3d 690, 691 [2010]; *Matter of Mitchell v New York State Div. of Parole*, 58 AD3d 742, 743 [2009]). The Parole Board is not required to give equal weight to each statutory factor, nor is it required specifically to articulate every factor considered (*see Matter of Huntley v Evans*, 77 AD3d 945, 947 [2010]; *Matter of Miller v New York State Div. of Parole*, 72 AD3d at 691). However, "where the Parole Board denies release to parole solely on the basis of the seriousness of the offense, in the absence of any aggravating circumstance, it acts irrationally" (*see Matter of Huntley v Evans*, 77 AD3d at 947; *Matter of Mitchell v New York State Div. of Parole*, 58 AD3d at 743). Here, in denying the petitioner's application for release on parole, the Parole Board cited only the circumstances of the underlying crimes and failed to mention any of the other statutory factors, including his excellent disciplinary record, his record of achievements while incarcerated, as well as positive statements made by the sentencing court (*see Matter of Huntley v Evans*, 77 AD3d at 947). Accordingly, the petitioner is entitled to a new hearing and a new determination. Rivera, J.P., Dickerson, Eng and Lott, JJ., concur.