■ In the Matter of SAID GSSIME, Appellant, v NEW YORK STATE DIVISION OF PAROLE, Respondent. [923 NYS2d 307]—

Appeal from a judgment of the Supreme Court (McGrath, J.), entered October 27, 2010 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner's request for parole release.

In 1998, petitioner was convicted of arson in the second degree and criminal contempt in the first degree after he set fire to a home in which his young daughter, estranged wife and in-laws were sleeping. He was sentenced, respectively, to concurrent terms of 12½ to 25 years and 1⅓ to 4 years in prison. In June

2009, petitioner made his first appearance before the Board of Parole seeking to be released to parole supervision. At the conclusion of the hearing, his request was denied and he was ordered held an additional 24 months. Petitioner filed an administrative appeal and, when a decision was not rendered within four months, he commenced this CPLR article 78 proceeding.* Following service of respondent's answer, Supreme Court dismissed the petition. This appeal ensued.

It is well settled that parole release decisions are discretionary and will not be disturbed so long as the Board complied with the statutory requirements enumerated in Executive Law § 259-i (*see Matter of Santos v Evans*, 81 AD3d 1059, 1060 [2011]; *Matter of Wright v Alexander*, 71 AD3d 1270, 1271 [2010]). Here, the record discloses that the Board properly considered the serious nature of petitioner's crimes, his clean criminal record, prior prison disciplinary violations, positive program accomplishments and postrelease plans in denying his request for parole release (*see Matter of Smith v New York State Div. of Parole*, 81 AD3d 1026, 1026 [2011]; *Matter of Gordon v New York State Bd. of Parole*, 81 AD3d 1032, 1033 [2011]). While petitioner maintains that he was suffering from a mental defect at the time he committed the crimes, the Board also took into account the mental health assistance provided to him during his incarceration. Contrary to petitioner's claim, there is no indication that the Board discriminated against him based on his race. Therefore, as the Board considered the appropriate statutory factors and its decision does not exhibit " 'irrationality bordering on impropriety' " (*Matter of Silmon v Travis*, 95 NY2d 470, 476 [2000], quoting *Matter of Russo v New York State Bd. of Parole*, 50 NY2d 69, 77 [1980]), we find no reason to disturb it.

Spain, J.P., Rose, Stein, McCarthy and Garry, JJ., concur. Ordered that the judgment is affirmed, without costs.

---

* It is to be noted that a decision was subsequently rendered on petitioner's administrative appeal upholding the Board's determination.