In a proceeding pursuant to CPLR article 78 to review a determination of the New York State Board of Parole dated January 5, 2011, which, after a hearing, denied the petitioner’s application to be released to parole, the petitioner appeals from a judgment of the Supreme Court, Richmond County (Rooney, J.), dated February 28, 2012, which denied the petition and dismissed the proceeding.
Ordered that the judgment is affirmed, without costs or disbursements.
Pursuant to Executive Law § 259-i (2) (c), the New York State Board of Parole (hereinafter the Parole Board) “is required to consider a number of statutory factors in determining whether an inmate should be released on parole” (Matter of Gelsomino v New York State Bd. of Parole, 82 AD3d 1097, 1098 [2011]; see Matter of Miller v New York State Div. of Parole, 72 AD3d 690, 691 [2010]; Matter of Mitchell v New York State Div. of Parole, 58 AD3d 742, 743 [2009]). “The Parole Board is not required to give equal weight to each statutory factor, nor is it required specifically to articulate every factor considered” (Matter of Gelsomino v New York State Bd. of Parole, 82 AD3d at 1098; see Matter of Huntley v Evans, 77 AD3d 945, 946 [2010]; Matter of Miller v New York State Div. of Parole, 72 AD3d at 691). “However, ‘where the Parole Board denies release to parole solely on the basis of the seriousness of the offense, in the absence of any aggravating circumstance, it acts irrationally’ ” (Matter of Gelsomino v New York State Bd. of Parole, 82 AD3d at 1098, quoting Matter of Huntley v Evans, 77 AD3d at 947; see Matter of Mitchell v New York State Div. of Parole, 58 AD3d at 743). “A parole determination may be set aside only when the determination to deny the petitioner release on parole evinced ‘irrationality bordering on impropriety’ ” (Matter of Martinez v New York State Div. of Parole, 73 AD3d 1067, 1067 [2010], quot *635 ing Matter of Russo v New York State Bd. of Parole, 50 NY2d 69, 77 [1980]). “The burden is on the petitioner to make a convincing demonstration of entitlement to such relief” (Matter of Martinez v New York State Div. of Parole, 73 AD3d at 1067; see Matter of Midgette v New York State Div. of Parole, 70 AD3d 1039, 1040 [2010]).
Here, the petitioner failed to meet his burden of making a convincing demonstration of entitlement to having the determination of the Parole Board set aside. Contrary to the petitioner’s contention, the record does not demonstrate that the Parole Board failed to consider the statutory factors set forth in Executive Law § 259-i (2) (c), that the Parole Board denied his application for parole release based solely on the seriousness of his crime, or that the Parole Board’s determination otherwise evinced irrationality bordering on impropriety. The petitioner’s remaining contentions are without merit. Accordingly, the Supreme Court properly denied the petition and dismissed the proceeding. Skelos, J.P, Dickerson, Chambers and Hinds-Radix, JJ., concur.