# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**286**

**CA 12-00920**

PRESENT: SCUDDER, P.J., PERADOTTO, CARNI, LINDLEY, AND WHALEN, JJ.

---

IN THE MATTER OF EMMANUEL PATTERSON,
PETITIONER-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

ANDREA W. EVANS, CHAIRWOMAN, NEW YORK STATE
DIVISION OF PAROLE, AND MALCOLM R. CULLY,
SUPERINTENDENT, COLLINS CORRECTIONAL FACILITY,
RESPONDENTS-APPELLANTS.

---

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (VICTOR PALADINO OF
COUNSEL), FOR RESPONDENTS-APPELLANTS.

EMMANUEL PATTERSON, PETITIONER-RESPONDENT PRO SE.

-------------------------------------------------------------------------------------

Appeal from a judgment (denominated order) of the Supreme Court, Erie County (John L. Michalski, A.J.), entered March 5, 2012 in a proceeding pursuant to CPLR article 78. The judgment vacated respondents' denial of parole release and remitted for a hearing de novo.

It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law without costs and the petition is dismissed.

Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to vacate the determination of the New York State Division of Parole (Board) denying his release to parole supervision. Respondents appeal from a judgment granting the petition and directing a de novo hearing before a different panel. We reverse the judgment and dismiss the petition.

"It is well settled that parole release decisions are discretionary and will not be disturbed so long as the Board complied with the statutory requirements enumerated in Executive Law § 259-i" (*Matter of Gssime v New York State Div. of Parole*, 84 AD3d 1630, 1631, *lv dismissed* 17 NY3d 847; *see Matter of Johnson v New York State Div. of Parole*, 65 AD3d 838, 839; *see generally Matter of King v New York State Div. of Parole*, 83 NY2d 788, 790-791). The Board is "not required to give equal weight to each of the statutory factors" but, rather, may "place[] greater emphasis on the severity of the crimes than on the other statutory factors" (*Matter of MacKenzie v Evans*, 95 AD3d 1613, 1614, *lv denied* 19 NY3d 815; *see Matter of Huntley v Evans*, 77 AD3d 945, 947). Where parole is denied, the inmate must be

informed in writing of "the factors and reasons for such denial of parole" (§ 259-i [2] [a] [i]).  "Judicial intervention is warranted only when there is a 'showing of irrationality bordering on impropriety' " (*Matter of Silmon v Travis*, 95 NY2d 470, 476; *see Matter of Johnson v Dennison*, 48 AD3d 1082, 1083; *Matter of Gaston v Berbary*, 16 AD3d 1158, 1159).

Here, we conclude upon our review of the hearing transcript and the Board's written decision that the Board considered the required statutory factors and adequately set forth its reasons for denying petitioner's application for release (*see Matter of Siao-Pao v Dennison*, 11 NY3d 777, 778, *rearg denied* 11 NY3d 885; *Matter of Galbreith v New York State Bd. of Parole*, 58 AD3d 731, 732; *Matter of Romer v Dennison*, 24 AD3d 866, 868, *lv denied* 6 NY3d 706).  We further conclude that the Board's determination does not exhibit " 'irrationality bordering on impropriety' " (*Silmon*, 95 NY2d at 476).

Entered:  May 3, 2013                          Frances E. Cafarell
                                               Clerk of the Court