■ In the Matter of BRAD McCASKELL, Appellant, v ANDREA EVANS, as Chair of the Division of Parole, Respondent. [969 NYS2d 603]—

Appeal from a judgment of the Supreme Court (Elliott, J.), entered December 7, 2012 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner's request for parole release.

In 1991, petitioner was sentenced to two concurrent prison terms of 20 years to life following his conviction of two counts of murder in the second degree, as well as a separate concurrent sentence of $8^1/_3$ to 25 years for his conviction of attempted murder in the second degree. Petitioner appeared before the Board of Parole for the second time in September 2011, at which time the Board declined to release him to parole supervision and ordered him held for an additional 24 months. The Board's determination was affirmed upon administrative appeal, prompting petitioner to commence this CPLR article 78 proceeding. Supreme Court dismissed the petition, and petitioner now appeals.

We affirm. Despite petitioner's contention that the Board failed to properly consider the statutory factors set forth in Executive Law § 259-i and improperly emphasized his criminal history, the record confirms "that the Board properly considered petitioner's criminal history, as well as the nature of his crimes, his prison disciplinary record, his institutional accomplishments and his postrelease plans" (*Matter of Davis v Evans*, 105 AD3d 1305, 1306 [2013]; *see Matter of Campbell v Evans*, 106 AD3d 1363, 1364 [2013]).* "[T]he Board was entitled to place greater emphasis on the serious nature of the crimes over the other factors" (*Matter of Vigliotti v State of N.Y. Exec. Div. of Parole*, 98 AD3d 789, 790 [2012], *lv dismissed* 20 NY3d 1034 [2013]). Moreover, "[c]ontrary to petitioner's further contention, by specifying an effective date of an amendment to Executive Law § 259-c (4) that postdated his parole hearing, the Legislature evinced its intent that the provision only be applied prospectively" (*Matter of Davidson v Evans*, 104 AD3d 1046, 1046 [2013] [internal quotation marks and citation omitted]).

We have examined petitioner's remaining arguments and, to the extent that they are preserved for our review, have been found to be lacking in merit.

---

* We note that, while one of the prison disciplinary violations of which petitioner was found guilty prior to his September 2011 appearance was administratively reversed after the hearing, we do not find that the Board's consideration of it warrants annulment of its determination, especially given, among other things, petitioner's statements at the hearing and the existence of the other disciplinary violation (*see Matter of McAllister v New York State Div. of Parole*, 78 AD3d 1413, 1414-1415 [2010], *lv denied* 16 NY3d 707 [2011]).

Rose, J.P., Lahtinen, Stein and Garry, JJ., concur. Ordered that the judgment is affirmed, without costs.