In the Matter of GARY PERFETTO, Appellant, v ANDREA EVANS, as Chairperson of the New York State Division/Board of Parole Respondent. [976 NYS2d 183]—

In a proceeding pursuant to CPLR article 78 to review a determination of the New York State Board of Parole dated November 10, 2011, which, after a hearing, denied the petitioner's request to be released on parole, the petitioner appeals, as limited by his brief, from so much of an order and judgment (one paper) of the Supreme Court, Orange County (Bartlett, J.), dated May 29, 2012, as denied the petition and dismissed the proceeding.

Ordered that the order and judgment is reversed insofar as appealed from, on the law, without costs or disbursements, the petition is granted to the extent that the determination is annulled, the petition is otherwise denied, and the matter is remitted to the New York State Board of Parole for a new hearing and a new determination.

Although the written determination of the New York State Board of Parole (hereinafter the Parole Board) mentioned the petitioner's institutional record, it is clear that the Parole Board denied the petitioner's request to be released on parole solely on the basis of the seriousness of the offense (*see Matter of Gelsomino v New York State Bd. of Parole*, 82 AD3d 1097, 1098 [2011]). The Parole Board's explanation for doing so was set forth in conclusory terms, which is contrary to law (*see* Executive Law § 259-i [2] [a]; *Matter of Mitchell v New York State Div. of Parole*, 58 AD3d 742, 743 [2009]).

Accordingly, the petitioner is entitled to a new hearing and a new determination. We express no view as to the merits of the petitioner's request to be released on parole. Austin, J.P., Sgroi, Cohen and Hinds-Radix, JJ., concur.