In the Matter of SANTIAGO RAMIREZ, Appellant, v ANDREA EVANS, Chairwoman, New York State Board of Parole, Respondent. [987 NYS2d 415]—

In a proceeding pursuant to CPLR article 78 to review a determination of the New York State Board of Parole dated January 31, 2012, which, after a hearing, denied the petitioner's request to be released to parole, the petitioner appeals from a judgment of the Supreme Court, Orange County (Onofry, J.), dated February 5, 2013, which denied the petition and dismissed the proceeding.

Ordered that the judgment is reversed, on the law, without costs or disbursements, the petition is granted to the extent that the determination is annulled, and the matter is remitted to the New York State Board of Parole for a new hearing and a new determination.

Although the decision of the New York State Board of Parole (hereinafter the Board) mentioned the petitioner's institutional record, it is clear that the Board denied release solely on the basis of the seriousness of the offense (*see Matter of Gelsomino v New York State Bd. of Parole*, 82 AD3d 1097, 1098 [2011]). The Board's explanation for doing so was set forth in conclusory terms, which is contrary to law (*see* Executive Law § 259-i [2] [a]; *Matter of Perfetto v Evans*, 112 AD3d 640 [2013]; *Matter of Mitchell v New York State Div. of Parole*, 58 AD3d 742, 743 [2009]).

We further note that Executive Law § 259-c (4) was amended in 2011, to require the Board to establish new procedures for its

use in making parole decisions. The amendment, which became effective prior to the date of the petitioner's hearing in this case, required the Board to establish written procedures incorporating risk and needs principles to measure an inmate's rehabilitation, likelihood of success upon release, and to assist the members of the Board in making parole determinations (*see* Executive Law § 259-c [4]; L 2011, ch 62, § 1, part C, § 1, subpart A, §§ 38-b, 49 [f]). In response to the amendment, the Board adopted the COMPAS (Correctional Offender Management Profiling for Alternative Sanction) assessment tool, which was not yet in use at the time of the petitioner's parole hearing. At the new hearing, the Board should utilize the COMPAS assessment tool (*see Matter of Kennedy v New York State Bd. of Parole*, 117 AD3d 948 [2d Dept 2014]). Rivera, J.P., Austin, Roman and Hinds-Radix, JJ., concur.