# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**592**
**CA 13-00454**
PRESENT: SCUDDER, P.J., CENTRA, CARNI, LINDLEY, AND DEJOSEPH, JJ.

---

IN THE MATTER OF DARRYL FREEMAN,
PETITIONER-APPELLANT,

V                                    MEMORANDUM AND ORDER

BRIAN FISCHER, COMMISSIONER, NEW YORK STATE
DEPARTMENT OF CORRECTIONS AND COMMUNITY
SUPERVISION, RESPONDENT-RESPONDENT.

---

WYOMING COUNTY-ATTICA LEGAL AID BUREAU, WARSAW (ADAM W. KOCH OF
COUNSEL), FOR PETITIONER-APPELLANT.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (WILLIAM E. STORRS OF
COUNSEL), FOR RESPONDENT-RESPONDENT.

-----------------------------------------------------------------------------------------------

Appeal from a judgment of the Supreme Court, Wyoming County (Mark
H. Dadd, A.J.), entered February 4, 2013 in a proceeding pursuant to
CPLR article 78. The judgment denied the petition.

It is hereby ORDERED that the judgment so appealed from is
unanimously affirmed without costs.

Memorandum: On appeal from a judgment denying his petition
seeking to annul the determination denying him parole release,
petitioner contends that the Parole Board, in rendering its decision,
erred in relying solely on the severity of his offense, which involved
the non-fatal shooting of a police officer. Pursuant to Executive Law
§ 259-i (2) (c) (A), the Parole Board must consider eight enumerated
factors in determining whether to release an inmate to parole
supervision, and may place "greater emphasis on the severity of the
crime[] than on the other statutory factors" (*Matter of MacKenzie v
Evans*, 95 AD3d 1613, 1614, *lv denied* 19 NY3d 815; *see Matter of
Patterson v Evans*, 106 AD3d 1456, 1457, *lv denied* 22 NY3d 912; *Matter
of Huntley v Evans*, 77 AD3d 945, 947). Here, the record establishes
that, although the Parole Board placed heavy emphasis on the severity
of petitioner's offense, it did not solely consider that factor.
Indeed, in its decision, the Parole Board noted petitioner's
"educational and program accomplishments," as well as his letters of
support, and it cannot be said that the Parole Board's determination
that petitioner is not yet suitable for release was "so irrational
under the circumstances as to border on impropriety" (*Matter of
Friedgood v New York State Bd. of Parole*, 22 AD3d 950, 951; *see
Comfort v New York State Div. of Parole*, 68 AD3d 1295, 1297).

Petitioner further contends that Executive Law § 259-c (4) should be applied retroactively to his hearing, which was held in July 2011. It is well settled that "statutes are presumptively prospective in their application absent an express legislative intent to the contrary" (*Morales v Gross*, 230 AD2d 7, 9; *see Matter of Mulligan v Murphy*, 14 NY2d 223, 226). Here, "by specifying an effective date of an amendment to Executive Law § 259-c (4) that postdated [petitioner's] parole hearing, 'the [l]egislature evinced its intent that the provision' only be applied prospectively" (*Matter of Davidson v Evans*, 104 AD3d 1046, 1046; *see Matter of Joyner v New York State Div. of Parole*, 114 AD3d 792, 792-793; *Matter of McCaskell v Evans*, 108 AD3d 926, 927).

Entered:  June 20, 2014                    Frances E. Cafarell
                                           Clerk of the Court