■ In the Matter of DANIEL F. KENEFICK, Respondent, v THOMAS STICHT, Gowanda Correctional Facility, et al., Appellants. [31 NYS3d 367]—

Appeal from a judgment (denominated order) of the Supreme Court, Erie County (John L. Michalski, A.J.), entered June 4, 2015 in a proceeding pursuant to CPLR article 78. The judgment set aside respondents' determination denying petitioner's release to parole and granted petitioner a de novo parole hearing before a different panel.

It is hereby ordered that the judgment so appealed from is unanimously reversed on the law without costs and the petition is dismissed.

Memorandum: In this proceeding pursuant to CPLR article 78, respondents appeal from a judgment that set aside their determination denying petitioner's release to parole, and granted petitioner a de novo parole hearing before a different panel. We reverse the judgment and dismiss the petition.

"It is well settled that parole release decisions are discretionary and will not be disturbed so long as the Board [of Parole] complied with the statutory requirements enumerated in Executive Law § 259-i" (*Matter of Gssime v New York State Div. of Parole*, 84 AD3d 1630, 1631 [2011], *lv dismissed* 17 NY3d 847 [2011]; *see Matter of Johnson v New York State Div. of Parole*, 65 AD3d 838, 839 [2009]; *see generally Matter of King v New York State Div. of Parole*, 83 NY2d 788, 790-791

[1994]). The Board is "not required to give equal weight to each of the statutory factors" but, rather, may "place[ ] greater emphasis on the severity of the crimes than on the other statutory factors" (*Matter of MacKenzie v Evans*, 95 AD3d 1613, 1614 [2012], *lv denied* 19 NY3d 815 [2012]; *see Matter of Huntley v Evans*, 77 AD3d 945, 947 [2010]). Where parole is denied, the inmate must be informed in writing of "the factors and reasons for such denial of parole" (Executive Law § 259-i [2] [a] [i]). "Judicial intervention is warranted only when there is a 'showing of irrationality bordering on impropriety' " (*Matter of Silmon v Travis*, 95 NY2d 470, 476 [2000]; *see Matter of Johnson v Dennison*, 48 AD3d 1082, 1083 [2008]; *Matter of Gaston v Berbary*, 16 AD3d 1158, 1159 [2005]).

Here, we conclude upon our review of the record that the Board considered the required statutory factors and adequately set forth its reasons for denying petitioner's application for release (*see Matter of Siao-Pao v Dennison*, 11 NY3d 777, 778 [2008], *rearg denied* 11 NY3d 885 [2008]; *Matter of Patterson v Evans*, 106 AD3d 1456, 1457 [2013], *lv denied* 22 NY3d 912 [2013]). We further conclude that the Board's determination does not exhibit " 'irrationality bordering on impropriety' " (*Silmon*, 95 NY2d at 476). Present—Centra, J.P., Carni, DeJoseph, Curran and Scudder, JJ.