# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

376
CA 15-01528
PRESENT: CENTRA, J.P., CARNI, DEJOSEPH, CURRAN, AND SCUDDER, JJ.

---

IN THE MATTER OF DANIEL F. KENEFICK,
PETITIONER-RESPONDENT,

V                                          MEMORANDUM AND ORDER

THOMAS STICHT, SUPERINTENDENT, GOWANDA
CORRECTIONAL FACILITY, AND ANTHONY ANNUCCI,
ACTING COMMISSIONER, NEW YORK STATE DEPARTMENT
OF CORRECTIONS AND COMMUNITY SUPERVISION,
RESPONDENTS-APPELLANTS.

---

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (LAURA ETLINGER OF
COUNSEL), FOR RESPONDENTS-APPELLANTS.

DANIEL F. KENEFICK, PETITIONER-RESPONDENT PRO SE.

---

Appeal from a judgment (denominated order) of the Supreme Court,
Erie County (John L. Michalski, A.J.), entered June 4, 2015 in a
proceeding pursuant to CPLR article 78. The judgment set aside
respondents' determination denying petitioner's release to parole and
granted petitioner a de novo parole hearing before a different panel.

It is hereby ORDERED that the judgment so appealed from is
unanimously reversed on the law without costs and the petition is
dismissed.

Memorandum: In this proceeding pursuant to CPLR article 78,
respondents appeal from a judgment that set aside their determination
denying petitioner's release to parole, and granted petitioner a de
novo parole hearing before a different panel. We reverse the judgment
and dismiss the petition.

"It is well settled that parole release decisions are
discretionary and will not be disturbed so long as the Board [of
Parole] complied with the statutory requirements enumerated in
Executive Law § 259-i" (*Matter of Gssime v New York State Div. of
Parole*, 84 AD3d 1630, 1631, *lv dismissed* 17 NY3d 847; *see Matter of
Johnson v New York State Div. of Parole*, 65 AD3d 838, 839; *see
generally Matter of King v New York State Div. of Parole*, 83 NY2d 788,
790-791). The Board is "not required to give equal weight to each of
the statutory factors" but, rather, may "place[] greater emphasis on
the severity of the crimes than on the other statutory factors"
(*Matter of MacKenzie v Evans*, 95 AD3d 1613, 1614, *lv denied* 19 NY3d
815; *see Matter of Huntley v Evans*, 77 AD3d 945, 947). Where parole

is denied, the inmate must be informed in writing of "the factors and reasons for such denial of parole" (§ 259-i [2] [a] [i]). "Judicial intervention is warranted only when there is a 'showing of irrationality bordering on impropriety' " *(Matter of Silmon v Travis,* 95 NY2d 470, 476; *see Matter of Johnson v Dennison*, 48 AD3d 1082, 1083; *Matter of Gaston v Berbary*, 16 AD3d 1158, 1159).

Here, we conclude upon our review of the record that the Board considered the required statutory factors and adequately set forth its reasons for denying petitioner's application for release (*see Matter of Siao-Pao v Dennison*, 11 NY3d 777, 778, *rearg denied* 11 NY3d 885; *Matter of Patterson v Evans*, 106 AD3d 1456, 1457, *lv denied* 22 NY3d 912). We further conclude that the Board's determination does not exhibit " 'irrationality bordering on impropriety' " (*Silmon*, 95 NY2d at 476).

Entered:  May 6, 2016                              Frances E. Cafarell
                                                  Clerk of the Court