Appeal from a judgment (denominated order) of the Supreme Court, Erie County (John L. Michalski, A.J.), entered June 4, 2015 in a proceeding pursuant to CPLR article 78. The judgment set aside respondents’ determination denying petitioner’s release to parole and granted petitioner a de novo parole hearing before a different panel.
It is hereby ordered that the judgment so appealed from is unanimously reversed on the law without costs and the petition is dismissed.
Memorandum: In this proceeding pursuant to CPLR article 78, respondents appeal from a judgment that set aside their determination denying petitioner’s release to parole, and granted petitioner a de novo parole hearing before a different panel. We reverse the judgment and dismiss the petition.
“It is well settled that parole release decisions are discretionary and will not be disturbed so long as the Board [of Parole] complied with the statutory requirements enumerated in Executive Law § 259-i” (Matter of Gssime v New York State Div. of Parole, 84 AD3d 1630, 1631 [2011], lv dismissed 17 NY3d 847 [2011]; see Matter of Johnson v New York State Div. of Parole, 65 AD3d 838, 839 [2009]; see generally Matter of King v New York State Div. of Parole, 83 NY2d 788, 790-791 *1381 [1994]). The Board is “not required to give equal weight to each of the statutory factors” but, rather, may “place [ ] greater emphasis on the severity of the crimes than on the other statutory factors” (Matter of MacKenzie v Evans, 95 AD3d 1613, 1614 [2012], lv denied 19 NY3d 815 [2012]; see Matter of Huntley v Evans, 77 AD3d 945, 947 [2010]). Where parole is denied, the inmate must be informed in writing of “the factors and reasons for such denial of parole” (Executive Law § 259-i [2] [a] [i]). “Judicial intervention is warranted only when there is a ‘showing of irrationality bordering on impropriety’ ” (Matter of Silmon v Travis, 95 NY2d 470, 476 [2000]; see Matter of Johnson v Dennison, 48 AD3d 1082, 1083 [2008]; Matter of Gaston v Berbary, 16 AD3d 1158, 1159 [2005]).
Here, we conclude upon our review of the record that the Board considered the required statutory factors and adequately set forth its reasons for denying petitioner’s application for release (see Matter of Siao-Pao v Dennison, 11 NY3d 777, 778 [2008], rearg denied 11 NY3d 885 [2008]; Matter of Patterson v Evans, 106 AD3d 1456, 1457 [2013], lv denied 22 NY3d 912 [2013]). We further conclude that the Board’s determination does not exhibit “ ‘irrationality bordering on impropriety’ ” (Silmon, 95 NY2d at 476).
Present — Centra, J.P., Carni, De Joseph, Curran and Scudder, JJ.