■ In the Matter of LOUIS J. JONES, Respondent, v NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION et al., Appellants. [57 NYS3d 265]—

Appeal from a judgment (denominated order) of the Supreme Court, Erie County (John L. Michalski, A.J.), entered July 28, 2016 in a proceeding pursuant to CPLR article 78. The judgment granted the petition and granted petitioner a de novo parole hearing.

It is hereby ordered that the judgment so appealed from is unanimously reversed on the law without costs and the petition is dismissed.

Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to vacate the determination of the New York State Division of Parole (Board) denying his release to parole supervision. Respondents appeal from a judgment granting the petition and ordering a de novo hearing before a different parole panel. We reverse the judgment and dismiss the petition.

"It is well settled that parole release decisions are discretionary and will not be disturbed so long as the Board complied with the statutory requirements enumerated in Executive Law § 259-i" (*Matter of Gssime v New York State Div. of Parole*, 84 AD3d 1630, 1631 [2011], *lv dismissed* 17 NY3d 847 [2011]; *see Matter of Johnson v New York State Div. of Parole*, 65 AD3d 838, 839 [2009]; *see generally Matter of King v New York State Div. of Parole*, 83 NY2d 788, 790-791 [1994]). The Board is "not required to give equal weight to each of the statutory factors" but, rather, may "place[ ] greater emphasis on the severity of the crimes than on the other statutory factors" (*Matter of MacKenzie v Evans*, 95 AD3d 1613, 1614 [2012], *lv denied* 19 NY3d 815 [2012]; *see Matter of Huntley v Evans*, 77 AD3d 945, 947 [2010]). Where parole is denied, the inmate must be informed in writing of "the factors and reasons for such denial of parole" (§ 259-i [2] [a] [i]). "Judicial intervention is warranted only

when there is a 'showing of irrationality bordering on impropriety' " (*Matter of Silmon v Travis*, 95 NY2d 470, 476 [2000]; *see Matter of Johnson v Dennison*, 48 AD3d 1082, 1083 [2008]; *Matter of Gaston v Berbary*, 16 AD3d 1158, 1159 [2005]).

Contrary to the contention of petitioner, the Board considered the requisite statutory factors and adequately set forth in writing its reasons for denying his release to parole supervision (*see Matter of Siao-Pao v Dennison*, 11 NY3d 777, 778 [2008], *rearg denied* 11 NY3d 885 [2008]; *Matter of Kenefick v Sticht*, 139 AD3d 1380, 1381 [2016], *lv denied* 28 NY3d 902 [2016]). Contrary to petitioner's further contention, the Board's determination does not exhibit " 'irrationality bordering on impropriety' " (*Silmon*, 95 NY2d at 476). Present—Peradotto, J.P., Carni, Lindley, Troutman and Scudder, JJ.