Matter of Brown v Board of Parole N.Y. State Dept. of Corr. & Community Supervision (2021 NY Slip Op 05003)





Matter of Brown v Board of Parole N.Y. State Dept. of Corr. & Community Supervision


2021 NY Slip Op 05003


Decided on September 16, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:September 16, 2021

533052
[*1]In the Matter of Rohan Brown, Appellant,
v
Board of Parole — New York State Department of Corrections and Community Supervision, Respondent.

Calendar Date:September 3, 2021

Before:Garry, P.J., Egan Jr., Lynch, Aarons and Reynolds Fitzgerald, JJ.

Rohan Brown, Woodbourne, appellant pro se.
Letitia James, Attorney General, Albany (Frank Brady of counsel), for respondent.



Appeal from a judgment of the Supreme Court (Schick, J.), entered February 24, 2021 in Sullivan County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner's request for parole release.
In 1998, petitioner, acting in concert with two codefendants, argued with an individual over the sale of drugs, resulting in petitioner stabbing that person, who later died from his injuries. Petitioner was apprehended approximately four years later in Kentucky and, following a jury trial, was convicted of murder in the second degree and sentenced to 18 years to life in prison.
In January 2020, petitioner made his initial appearance before respondent. At the conclusion of the hearing, respondent denied petitioner's request for parole release and ordered him held for 20 months. Following an unsuccessful administrative appeal, petitioner commenced this CPLR article 78 proceeding. Following joinder of issue, Supreme Court dismissed the petition, and this appeal by petitioner ensued.
Contrary to petitioner's contention, the record demonstrates that respondent appropriately considered the statutory requirements set forth in Executive Law § 259-i and adequately set forth its reasoning for denying petitioner's request for parole release. The record, including the hearing transcript and the Board's decision, reflects that respondent considered the seriousness of the instant offense, the statements made by the victim's mother at sentencing, petitioner's remorse for his actions, his disciplinary violations, his participation in and completion of institutional programs, his academic achievements and accomplishments while incarcerated, his plans and familial support upon release, the deportation order against him and the mixed results from his COMPAS Risk and Needs Assessment instrument (see Executive Law § 259-i [2] [c] [A]; see also Matter of Jones v New York State Bd. of Parole, 175 AD3d 1652, 1652 [2019]; Matter of Payne v Stanford, 173 AD3d 1577, 1577-1578 [2019]). Although respondent placed particular emphasis on petitioner's criminal conduct and the nature of the offense, there is no requirement that respondent give equal weight to or specifically discuss each statutory factor it considered in making its determination (see Matter of Schendel v Stanford, 185 AD3d 1365, 1366 [2020]; Matter of Tafari v Cuomo, 170 AD3d 1351, 1352 [2019], lv denied 33 NY3d 907 [2019]). Furthermore, although a deportation order was issued against petitioner, "this was simply another factor for respondent to consider and did not guarantee petitioner's release" (Matter of Rodriguez v New York State Bd. of Parole, 168 AD3d 1342, 1343 [2019]; see Matter of Espinal v New York State Bd. of Parole, 172 AD3d 1816, 1817 [2019]).
We are also unpersuaded by petitioner's contention that respondent relied on inaccurate information regarding his disciplinary history. The record reflects that, in [*2]discussing his disciplinary history, petitioner informed respondent that a tier III disciplinary violation reflected in his disciplinary history was subject to a pending administrative appeal. The fact that such disciplinary determination was administratively reversed after the parole hearing does not warrant annulment of respondent's determination, especially given petitioner's other disciplinary violations (see Matter of McCaskell v Evans, 108 AD3d 926, 927 n [2013]; Matter of McAllister v New York State Div. of Parole, 78 AD3d 1413, 1414-1415 [2010], lv denied 16 NY3d 707 [2011]). Given that the discretionary determination resulted from respondent's appropriate consideration of relevant statutory factors, and as its determination does not evince "irrationality bordering on impropriety" (Matter of Silmon v Travis, 95 NY2d 470, 476 [2000] [internal quotation marks and citation omitted]), further judicial review is precluded (see Matter of Bush v Annucci, 148 AD3d 1392, 1393 [2017]; Matter of Mullins v New York State Bd. of Parole, 136 AD3d 1141, 1142 [2016]). We have reviewed petitioner's remaining contentions and find them to be without merit.
Garry, P.J., Egan Jr., Lynch, Aarons and Reynolds Fitzgerald, JJ., concur.
ORDERED that the judgment is affirmed, without costs.